Pablo RAMOS–MELENDEZ,
Plaintiff, Appellant,

v.

Arturo VALDEJULLY, etc., et
al., Defendants, Appellees.

Nos. 88–1485, 90–2204.

United States Court of Appeals,
First Circuit.

Heard Nov. 4, 1991.

Decided March 24, 1992.

As Amended March 30, 1992.

Frank Rodriguez–Garcia with whom Francisco J. Rodriguez–Juarbe, was on brief, for plaintiff, appellant.

Vannessa Ramirez, Asst. Sol. Gen., with whom Jorge E. Perez–Diaz, Sol. Gen., and Anabelle Rodriguez, Deputy Sol. Gen., were on brief, for defendants, appellees.

Before CAMPBELL and TORRUELLA, Circuit Judges, and SKINNER,* District Judge.

SKINNER, District Judge.

In this action the plaintiff sought damages and injunctive relief under 42 U.S.C. § 1983 on account of his demotion from the position of Chief of the Office of Economic Analysis and Statistics to the position of Chief of the Statistics Section in the Puerto Rico Aqueduct and Sewer Authority (PRA-

* Of the District of Massachusetts, sitting by desig-       nation.

SA). PRASA is a public corporation which is an instrumentality of the Commonwealth of Puerto Rico. The plaintiff alleges that this action was taken against him, in violation of his First Amendment right of free association, because of his allegiance to the New Progressive Party (NPP). *See Elrod v. Burns,* 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976).

The defendant Riefkohl was the Acting Executive Director of PRASA at the time of the plaintiff's demotion, and the defendant Valdejully is his successor as Executive Director. They are both adherents of the Popular Democratic Party (PDP), which was in power at the time of the plaintiff's demotion.

The defendants moved for summary judgment. The motion was referred to a magistrate, who ordered partial summary judgment for the defendants on so much of the complaint as sought recovery of damages from them in their individual capacity, on the ground of qualified immunity. The district judge entered partial judgment for the defendants in accordance with the opinion of the magistrate.

Thereafter, the case was referred by agreement to the same magistrate for a bench trial on the merits. The magistrate found as a fact that the plaintiff had not proved that his demotion had been substantially motivated by prejudice against him because of his affiliation with the PDP, and entered judgment for the defendants.

The plaintiff appeals from the entry of partial summary judgment and from the entry of judgment for the defendants on the merits. His appeal from the grant of partial summary judgment is on both substantive and procedural grounds.[1] Our necessary resolution of the appeal from the judgment on the merits, *infra,* moots consideration of all of the issues raised by the partial summary judgment, however, and we therefore pass it.

We are obliged to accept the magistrate's findings of fact unless they are clearly erroneous. Fed.R.Civ.P. 52(a); *DesRosiers*

*v. Moran,* 949 F.2d 15 (1st Cir.1991). Finding no clear error, we affirm.

The evidence supports the court's finding of the following material aspects of the plaintiff's professional career with PRASA:

The plaintiff was first employed by PRASA in 1972 as chief of the Division of Cost and Statistics. In 1973, the PDP first gained control of the administration and the plaintiff was demoted to Chief of the Section of Cost and Statistics. (In PRASA's hierarchy a division is superior to a section.) In 1977 the NPP returned to power, and so did the plaintiff. He was promoted to Chief of the Department of Systems and Procedures. In 1979 PRASA created the position of Chief of the Office of Economic and Statistical Studies, and plaintiff was appointed to that position. He did not take any qualifying examination.

In 1985 the wheel turned again, and the PDP took over the administration, having won the election of 1984. The defendant Riefkohl was appointed the Acting Executive Director of PRASA. In July of 1985 Riefkohl wrote a letter to the plaintiff demoting him to his pre–1977 position of Chief of the Section of Cost and Statistics. Riefkohl stated that the plaintiff's former position was a "trust and confidence" position and not protected by the personnel bylaws of PRASA or any applicable statute. The position of Chief of the Office of Economic Analysis and Statistics was abolished as part of the general reorganization of PRASA. In August 1985, Riefkohl was succeeded by the defendant Valdejully.

In October, 1985, Valdejully wrote the plaintiff another letter in which he stated that Riefkohl had been incorrect in stating that the plaintiff's former position was one of trust and confidence. Valdejully claimed that the position was actually a career position which the plaintiff had occupied illegally because he had never taken a competitive examination for it.

The demotion resulted in a substantial reduction in the plaintiff's salary, and loss

---

1. The plaintiff's motion to submit a post argument brief is allowed.

**6**

of most of his staff and his parking privileges.

■ The coincidence between the plaintiff's fortunes and those of his party would tend to show that his demotion was related to his politics, as would the shifting official explanation for it. There were other factors identified by the magistrate and supported by the evidence, however. There was in fact a genuine reorganization of PRASA, and members of the NPP had been retained in positions of trust and confidence. Furthermore, plaintiff was shown to have close ties with influential members of the PDP. He was a personal friend of Riefkohl and participated in sporting contests with him; Riefkohl's wife was his secretary; as an expert political pollster he performed services for Governor Hernandez Colon, the leader of the PDP.

The magistrate correctly ruled that the plaintiff had the burden of proving that "defendant's intent to discriminate was a substantial motivating factor in the employment decision," citing *Mt. Healthy City School District v. Doyle,* 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). The magistrate recognized that plaintiff's burden of proof may be satisfied by circumstantial evidence, *Anthony v. Sundlun,* 952 F.2d 603, 605 (1st Cir.1991), but determined in this case that "[t]he evidence presented by plaintiff eludes rational notions of discrimination, political, personal or professional." Given the scope of appellate review of findings of fact, we see no basis for disturbing the magistrate's determination.

■ The determination that there was no illegal discrimination renders moot the magistrate's ruling on the defendants' motion for summary judgment based on qualified immunity.

■ The plaintiff alleges error in the magistrate's exclusion of testimony by other employees of PRASA. The magistrate determined that the employees also had pending suits against PRASA for employment discrimination. He excluded their testimony on the ground that for their testimony to be significant it would be necessary in effect to try their cases, as well as the plaintiff's. This was well within his discretion under Fed.R.Evidence 403.

■ The magistrate correctly rejected the plaintiff's claim of a deprivation of procedural due process, on the ground that the plaintiff had no proprietary interest in the position of Chief of the Office of Economic Analysis and Statistics. Either the position was one of trust and confidence, in which there is no right of tenure under Puerto Rican law, *See Laureano–Agosto v. Garcia–Caraballo,* 731 F.2d 101 (1st Cir. 1984), or it was a career position illegally held by the plaintiff without having passed a competitive examination. *Colon v. Mayor of Ceiba,* 112 P.R.Dec. 740, 112 P.R.R. 934 (1982).

Accordingly, the judgment of the district court is AFFIRMED.