Nowaczyk, et al. v. Governor, et al.  CV-99-351-M   11/22/99
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


Steven J. Nowaczyk, et al.,
      Plaintiffs

      v.                                    Civil No. 99-351-M

Jeanne Shaheen, Governor of New Hampshire,
Henry Risley, Commissioner of Corrections,
Michael Cunningham, Warden of the
New Hampshire State Prison,
      Defendants


                            **O R D E R**


      Plaintiffs, a group of inmates currently incarcerated at the

New Hampshire State Prison, seek damages and injunctive relief

pursuant to 42 U.S.C. § 1983.  They claim that a recently

implemented policy banning smoking (and the possession of

cigarettes) within the prison violates their rights under the

Eighth, Ninth, and Fourteenth Amendments.  Specifically,

plaintiffs say that the use of tobacco related products is "one

of those unenumerated individual 'laws of nature' right[s] people

have and is protected by penumbras, formed by emanations from

other enumerated rights."  Complaint at 1.  They also assert that

by denying them tobacco products and adequate alternatives and/or

medical treatment for withdrawal symptoms, defendants have

demonstrated deliberate indifference to their serious medical

needs.


      Defendants respond by moving to dismiss, arguing that the

court lacks subject matter jurisdiction over plaintiffs' claims.

Alternatively, they urge the court to abstain from hearing plaintiffs' claims.  Plaintiffs object.

## Background

In June of 1999, plaintiffs filed a petition for declaratory judgment and temporary and permanent injunction in the New Hampshire (Merrimack County) Superior Court.  Nowaczyk v. Shaheen, No. 99-E-247 (N.H. Superior Ct.).  By order dated June 22, 1999, the state superior court denied plaintiffs' petition for a temporary restraining order and preliminary injunction.  See Exhibit ___ (exhibits are unnumbered) to defendants' memorandum (document no. 7).

Undeterred, approximately two months later plaintiffs filed the complaint in this case, in which they raise claims that are virtually identical to those presented to the state court.

Defendants suggest that this proceeding amounts to little more than an interlocutory appeal of the state court's decision denying plaintiffs' request for preliminary injunctive relief.  Accordingly, defendants assert that, under the Rooker-Feldman doctrine, this court lacks subject matter jurisdiction over plaintiffs' claims.  In the alternative, defendants invoke Younger v. Harris, 401 U.S. 37 (1971), and urge the court to abstain from entertaining plaintiffs' suit given that a nearly identical suit is proceeding in the state court system.  In

2

either event, defendants move the court to dismiss plaintiffs' complaint.

## Discussion

A.   The Rooker-Feldman Doctrine.

The Rooker-Feldman doctrine precludes a federal district court from reviewing a final judgment entered in a state court, and from considering claims that are inextricably intertwined with those raised in the state court proceeding.  See Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983). See also Wang v. New Hampshire Bd. of Registration in Medicine, 55 F.3d 698, 703 (1st Cir. 1995).  Federal claims are "inextricably intertwined" with state court proceedings (even if precisely the same claims were not raised previously in state litigation) if the party had an opportunity to raise those claims in state court and if resolution of those claims in federal court would effectively provide a form of federal appellate review of the state court's decision.  See Long v. Shorebank Development Corp., 182 F.3d 548, 557-58 (7th Cir. 1999); Moccio v. N.Y. State Office of Court Admin., 95 F.3d 195, 199 (2d Cir. 1996).

Once a state court issues a final judgment, a federal district court lacks jurisdiction to review the decision even if the state judgment is patently wrong or was entered following patently unconstitutional proceedings.  See Feldman, 460 U.S. at

3

486.  Thus, a litigant may not seek to reverse a final state court judgment "simply by recasting his complaint in the form of a civil rights action."  Ritter v. Ross, 992 F.2d 750, 754 (7th Cir. 1993).

If plaintiffs' claims, in essence, challenge a state court final judgment, the Rooker-Feldman doctrine would, of course, preclude this court's exercise of jurisdiction, even to review the constitutionality of that judgment or its underlying proceedings.  Here, however, the state court has not entered a final judgment; it has merely denied plaintiffs' petition for temporary injunctive relief.  Accordingly, the Rooker-Feldman doctrine would seem not to apply.

To be sure, some courts have concluded that the Rooker-Feldman doctrine "precludes review of state interlocutory orders, not just final judgments."  Plymouth and Brockton Street Railway Co. v. Leyland, 941 F.Supp. 14, 16 (D. Mass. 1996).  See also Dubinka v. Judges of Superior Court, 23 F.3d 218, 221 (9th Cir. 1994); Port Auth. Police Benev. Ass'n, Inc. v. Port Auth. of N.Y. and N.J. Police Dept., 973 F.2d 169, 177 (3rd Cir. 1992).  But see Matter of Meyerland Co., 960 F.2d 512, 516 (5th Cir. 1992). The court need not address that specific issue, however, since, as discussed more fully below, the court concludes that the entry of a stay, rather than outright dismissal of plaintiffs' claims, is warranted in this case.

4

B.    The Younger Abstention Doctrine.

The abstention principles articulated in Younger v. Harris, supra, and its progeny provide that federal courts may abstain from entertaining cases involving issues that are the subject of currently pending state judicial proceedings when: (1) vital state interests are involved; and (2) the plaintiff will have an adequate opportunity in the state proceeding to raise the claims advanced in his or her federal law suit.  See Brooks v. New Hampshire Supreme Court, 80 F.3d 633, 638 (1st Cir. 1996) (citing Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)).

While the factors identified in Brooks appear to be present in this case, the problem with defendants' motion is that it seeks too much.  Defendants do not merely ask that the court stay this proceeding pending resolution of the parallel state litigation.  Instead, they move the court to dismiss plaintiffs' complaint in its entirety.  As the Supreme Court recently observed, however, "[u]nder our precedent, federal courts have the power to dismiss or remand cases based on abstention principles only where the relief being sought is equitable or otherwise discretionary."  Quackenbush v. Allstate Ins. Co., 517 U.S. 706,  731 (1996).  Here, plaintiffs seek not only equitable (i.e., injunctive) relief; they also seek damages for the constitutional injuries they claim to have sustained.

5

Accordingly, the most appropriate resolution of this matter is to stay these proceedings pending final resolution of plaintiffs' parallel claims in the state court system.  See generally Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976).  See also Elmendorf Grafica, Inc. v. D.S. America (East), Inc., 48 F.3d 46, 50 (1st Cir. 1995) (identifying the six factors courts should consider when determining whether a stay or dismissal is appropriate under Colorado River).

The court is obviously mindful that "the balance in any decision to stay or dismiss under [Colorado River] should be heavily weighted in favor of the exercise of jurisdiction." Elmendorf Grafica, 48 F.3d at 51 (citation and internal quotation marks omitted).  Nevertheless, this case presents an "exceptional circumstance" warranting the entry of a stay.  Among other things, the court finds that:

(1)   plaintiffs filed their claims in state court, prior to initiating this action;

(2)   plaintiffs appear to have filed their federal complaint only after the state court denied the preliminary relief they sought.  See Elmendorf Grafica, 48 F.3d at 50 ("Another factor . . . counted by some courts is the vexatious or reactive nature of the federal lawsuit.");

(3)   the claims presented in this litigation are virtually identical to those raised in state court (with the exception that plaintiffs seek monetary damages in this proceeding) and, therefore the cases are "parallel." See Interstate Material Corp. v. City of Chicago, 847 F.2d 1285, 1287 (7th Cir. 1988)

6

(noting that the <u>Colorado River</u> doctrine is inapplicable in cases of "non-parallel" proceedings);

(4)     plaintiffs plainly have the opportunity in state court to raise their federal constitutional claims and that court is more than capable of resolving those claims; and

(5)     issuance of a stay in this proceeding would certainly advance concepts of federal-state comity, promote the efficient use of judicial resources, and further the goal of avoiding piecemeal litigation.


## Conclusion

In light of the foregoing, the court concludes that it is most appropriate to stay this proceeding pending final resolution of plaintiffs' claims in the New Hampshire state court system. Accordingly, defendants' motion to dismiss (document no. 8) is granted in part and denied in part. To the extent it seeks dismissal of plaintiffs' claims, it is denied. To the extent it moves the court to stay this proceeding pending the outcome of parallel state court litigation, it is granted.

This case is hereby stayed pending final resolution of plaintiffs' claims in the parallel state court proceeding, <u>Nowaczyk v. Shaheen</u>, No. 99-E-247 (N.H. Superior Ct.). The Clerk of the Court shall administratively close the case, subject to reopening upon plaintiffs' motion, which shall be supported by a statement that the parallel state court proceedings have been fully and finally resolved (including reference to plaintiffs'

7

exhaustion of any rights of appeal to the New Hampshire Supreme Court).

The defendants shall file a report with the court not less than every six months, informing it of the status of the ongoing state court litigation.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

November 22, 1999

cc:  Steven Nowaczyk
     Robert Voight
     Stephen Dugay
     James Towne
     John L. Watt
     Elmer Lee Baron
     Michael C. Herrick
     Steve Merchant
     Arthur Burley
     Carl Laurie
     Richard Pliskaner
     Albert Nadeau
     Leon Cable
     Jeff Eastman
     Charles Johnson
     Earnest Therrier
     James Poulicakos
     Patrick Morehouse
     Robert Phair, Jr.
     Keith Mountjoy
     Raven Dodge
     Walter Bourque
     Daniel J. Mullen, Esq.
     Patrick S. Parrish