**Edgardo MENDOZA–CARDONA, et al., Plaintiff,**

v.

**ESTADO LIBRE ASOCIADO DE PUERTO RICO, et al., Defendants.**

**Civil No. 13–1814 (PAD).**

United States District Court, D. Puerto Rico.

Signed April 17, 2014. .

Edgardo Mendoza–Cardona, Aguada, PR, pro se.

Ana Maria Jimenez–Caban, Aguada, PR, pro se.

Conjugal Partnership Mendoza–Jimenez, Aguada, PR, pro se.

---

Aurea Yadira Rivera–Alvarado, Puerto Rico Department of Justice, San Juan, PR, Juan C. Cancio–Reichard, Israel Roldan–Gonzalez, Aguadilla, PR, Luis R. Santos–Baez, Santos & Nievez, Mayaguez, PR, for Defendants.

Jose Hernandez–Calero, Aguadilla, PR, pro se.

## MEMORANDUM AND ORDER

PEDRO A. DELGADO–HERNÁNDEZ, District Judge.

Pending before the Court are defendants' motions to dismiss, predicated in part on plaintiffs' failure to submit English-language translations of the complaint and other documents plaintiffs have filed throughout this litigation. For the reasons that follow, defendants' motions are granted, and the complaint is dismissed.

Plaintiffs initiated this action filing a Spanish-language complaint in October 2013 (Docket No. 1). They have filed 10 motions (Docket Nos. 2, 26, 27, 29, 30, 31, 32, 36, 38, 39, and 49), all of which are in Spanish, except Docket No. 2.[1] In January 2014, the Court ordered plaintiffs to file in the English language all pleadings appearing in Spanish, expressly warning that otherwise, the documents would be stricken from the record (Docket No. 41).

To date, plaintiffs have failed to submit the required documents. For this and other reasons, defendants José Hernández–Calero, José Ramos–Hernández, Max Laracuente–Bernat, Reinaldo Franqui–Carlo, the Commonwealth of Puerto Rico, and the Rama Judicial de Puerto Rico have requested that the complaint be dismissed (Docket Nos. 9, 12, 20, 21 and 35).

Pursuant to 48 U.S.C. § 864, "[a]ll pleadings and proceedings in the United States District Court for the District of Puerto Rico shall be conducted in the English language." Similarly, Local Rule 5(g) requires in part, that "[a]ll documents not in the English language which are presented or filed, whether as evidence or otherwise, must be accompanied by a certified translation into English prepared by an interpreter certified by the Administrative Office of the United States Courts."

The United States Court of Appeals for the First Circuit requires strict enforcement of the English-language requirement where the untranslated document is key to the outcome of the proceedings. *Puerto Ricans for Puerto Rico Party v. Dalmau,* 544 F.3d 58, 67 (1st Cir.2008). As the First Circuit has explained, allowing the outcome to turn on a non-English document would be "at odds with the premise of a unified and integrated federal courts system." *Id.* Therefore, district courts should not consider such documents. *González–De–Blasini v. Family Department,* 377 F.3d 81, 89 (1st Cir.2004).

Against this standard, the need for dismissal is apparent. The complaint provides the foundation for the action, subsequent developments, and ultimate disposition. Here, it was filed in Spanish on October 25, 2013 (Docket No. 1). To date, no English-language translation has been submitted. Likewise, except for the court-provided preprinted form plaintiffs used to request appointment of counsel, every other document they have filed is in Spanish. The Spanish-language pleadings prevent the Court from properly evaluating the arguments raised to oppose dismissal.

---

1. Docket No. 2 is a Court-provided dual language (English–Spanish) form to request appointment of counsel.

On January 15, 2014, the Court ordered plaintiffs to submit in the English language all pleadings appearing in Spanish, expressly warning them of the consequences of not doing so (Docket No. 41). Plaintiffs have not submitted the documents as ordered; have not proffered any explanation for their failure to do so; and have not asked for an extension of time to file the required documents. Consequently, in accordance with Docket No. 41 all of the Spanish language pleadings are hereby stricken from the record. There being no complaint or motions addressing the issues that defendants have raised, dismissal is warranted.

In view of the foregoing, the Court grants Franqui–Carlo's Motion to Dismiss (Docket No. 9), Laracuente–Bernat's Motion to Dismiss (Docket No. 12), Hernández–Calero's Motion to Dismiss (Docket No. 20), and Ramos–Hernández' Motion to Dismiss (Docket No. 21). On the same grounds, Laracuente–Bernat's Second Motion Requesting Dismissal of the Instant Case (Docket No. 44) (which co-defendants Ramos–Hernández, Franqui–Carlo, Hernández–Calero, the Commonwealth of Puerto Rico and the Rama Judicial de Puerto Rico joined) is also granted.[2]

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

---

**2.** The Court is aware of the additional arguments defendants raised in support of their respective motions to dismiss (including, among others arguments, that the complaint is time barred and that plaintiffs failed to state a claim upon which relief can be granted). The Court, however, cannot entertain the merits of defendants' additional arguments as it cannot consider a complaint and related pleadings not translated into the English language.