Carlos R. **DIAZ–PIZARRO**, Plaintiff,

v.

**ADMINISTRACIÓN DE LOS TRIBUNALES, et al.,**
**Defendants.**

**Civil No. 13–1834 (PAD).**

United States District Court,
D. Puerto Rico.

Signed June 17, 2014.

Carlos R. Diaz–Pizarro, Bayamon, PR, pro se.

Frances Y. Rivera–Aviles, Department of Justice of Puerto Rico, San Juan, PR, for Defendants.

### MEMORANDUM AND ORDER

PEDRO A. DELGADO–HERNÁNDEZ, District Judge.

Pending before the Court is defendants' second motion to strike the complaint predicated on plaintiff's failure to submit English-language translation of the complaint. For the reasons that follow, defendants' motion is granted and the complaint is dismissed.

### I. BACKGROUND

On November 12, 2013, plaintiff initiated this action with a Spanish-language complaint (Docket No. 2). On February 10, 2014, he followed up with a motion in the Spanish language inquiring as to case status (Docket No. 6).

On May 2, 2014, the Court (1) denied without prejudice defendants' initial re-

---

quest to strike the complaint, and (2) ordered plaintiff to file a certified translation of the complaint, expressly warning him that otherwise, the complaint would be stricken from the record and the case dismissed without prejudice (Docket No. 14).

Plaintiff failed to submit the required document as ordered. For this reason, defendants Administración de los Tribunales and Yudith Mateo–de–León restated their request to strike the complaint and dismiss the case (Docket No. 18).

## II.  DISCUSSION

### A.

Pursuant to 48 U.S.C. § 864, "[a]ll pleadings and proceedings in the United States District Court for the District of Puerto Rico shall be conducted in the English language." Similarly, Local Rule 5(g) requires in part, that "[a]ll documents not in the English language which are presented or filed, whether as evidence or otherwise, must be accompanied by a certified translation into English prepared by an interpreter certified by the Administrative Office of the United States Courts."

The United States Court of Appeals for the First Circuit requires strict enforcement of the English-language requirement where the untranslated document is key to the outcome of the proceedings. *Puerto Ricans for Puerto Rico Party v. Dalmau,* 544 F.3d 58, 67 (1st Cir.2008). As the First Circuit has explained, allowing the outcome to turn on a non-English document would be "at odds with the premise of a unified and integrated federal courts system." *Id.* Therefore, district courts should not consider such documents. *González–De–Blasini v. Family Department,* 377 F.3d 81, 89 (1st Cir.2004). Against this standard, the need for dismissal is apparent.

### B.

The complaint provides the foundation for the action, subsequent developments, and ultimate disposition. Here, it was filed in Spanish on November 12, 2013 (Docket No. 2). To date, no English-language translation has been submitted. This prevents the Court from properly evaluating the merit of plaintiff's allegations.

On May 2, 2014, the Court ordered plaintiff to file the certified translation of the complaint on or before June 16, 2014, expressly warning him of the consequences of not doing so (Docket No. 14). Plaintiff has not complied with the order, has not proffered any explanation for his failure to do so, and has not asked for an extension of time to file the required document. Consequently, in accordance with Docket No. 14, the complaint is hereby stricken from the record. There being no complaint, dismissal is warranted.

## III.  CONCLUSION

In view of the foregoing, defendants' "Second Motion to Strike Pleading Pursuant to Local Rule of Civil Procedure 5(g) (Docket No. 18) is .GRANTED".

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**