**356**

Yamil Doel CESAREO–
ROSADO, Plaintiff,

v.

ESTADO LIBRE ASOCIADO
DE PUERTO RICO, et
al., Defendants.

Civil No. 15–1146 (PAD).

United States District Court,
D. Puerto Rico.

Signed June 25, 2015.

Yamil Doel Cesareo–Rosado, Ponce, PR,
pro se.

## MEMORANDUM AND ORDER

PEDRO A. DELGADO–
HERNÁNDEZ, District Judge.

Pro-se plaintiff, Yamil Doel Cesareo–Rosado, initiated this action filing a Spanish-language complaint on March 11, 2015 (Docket No. 2). He later filed an informative motion in Spanish (Docket No. 6). On March 16, 2015, the court ordered plaintiff to file a certified English translation of all documents not in the English language, as required by 48 U.S.C. § 864 and Local Rule 5(g), expressly warning that otherwise the documents would be stricken from the record and the case dismissed without prejudice (Docket No. 10).

On April 30, 2015, plaintiff filed a "Translation of Sworn Statement in Support of Allegations" (Docket No. 11), which allegedly complied with the court's order. The submission, however, did not comply with the order and the court granted a second opportunity for plaintiff to file a certified translation in the English language of the documents at Docket Nos. 2 and 6, on or before June 5, 2015 (Docket No. 12). The court again warned that failure to comply with the Order may result in an order striking from the record the complaint and dismissing the case

without prejudice. To date, plaintiff has not submitted the required documents.

Pursuant to 48 U.S.C. § 864, "[a]ll pleadings and proceedings in the United States District Court for the District of Puerto Rico shall be conducted in the English language." Similarly, Local Rule 5(g) requires in part, that "[a]ll documents not in the English language which are presented or filed, whether as evidence or otherwise, must be accompanied by a certified translation into English prepared by an interpreter certified by the Administrative Office of the United States Courts."

 The United States Court of Appeals for the First Circuit requires strict enforcement of the English-language requirement where the untranslated document is key to the outcome of the proceedings. *Puerto Ricans for Puerto Rico Party v. Dalmau,* 544 F.3d 58, 67 (1st Cir. 2008). As the First Circuit has explained, allowing the outcome to turn on a non-English document would be "at odds with the premise of a unified and integrated federal courts system." *Id.* Therefore, district courts should not consider such documents. *González–De–Blasini v. Family Department,* 377 F.3d 81, 89 (1st Cir.2004).

 After having been granted two opportunities to comply, plaintiff has not submitted the documents as ordered; has not proffered any explanation for failure to do so; and has not asked for an extension of time. Consequently, in accordance with the Orders at Docket Nos. 10 and 12, all of the Spanish language pleadings are stricken from the record. There being no complaint, dismissal of the case is warranted.

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**