15-2546-cr
*United States v. Jasmin*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of August, two thousand sixteen.

PRESENT:  JOHN M. WALKER, JR.,
　　　　　 JOSÉ A. CABRANES,
　　　　　 RAYMOND J. LOHIER, JR.,
　　　　　　　　　 *Circuit Judges.*

---

UNITED STATES OF AMERICA,

　　　　　　　*Appellee,*　　　　　　　　　　　　15-2546-cr

　　　　v.

NORAMIE JASMIN,

　　　　　　　*Defendant-Appellant.*

---

**FOR APPELLEE:**　　　　　　　　JESSICA FEINSTEIN (Karl Metzner, *on the brief*), Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

**FOR DEFENDANT-APPELLANT:**　　JILLIAN S. HARRINGTON, Law Office of Jillian S. Harrington, Monroe Township, NJ.

Appeal from a judgment of the United States District Court for the Southern District of New York (Colleen McMahon, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and is hereby **AFFIRMED**.

Defendant-appellant Noramie Jasmin ("Jasmin"), a former Mayor and Trustee of the Village of Spring Valley, New York (the "Village"), appeals from a judgment of conviction entered on August 7, 2015. Jasmin was accused of engaging in a bribery scheme to obtain financial benefits for herself in exchange for her assistance in procuring land and money to develop a community center. After a one-week bench trial, Jasmin was convicted of two counts: (1) mail fraud in violation of 18 U.S.C. §§ 1341 and 1346, and (2) Hobbs Act extortion in violation of 18 U.S.C. § 1951. The District Court imposed a 48-month term of imprisonment on both counts, to run concurrently. This appeal followed.

On appeal, Jasmin asserts that (1) the Government's reliance on a mailing not listed in the indictment in support of its mail fraud charge constituted a constructive amendment or a prejudicial variance to the indictment; (2) the evidence at trial was insufficient as a matter of law to support each of her convictions; and (3) she was denied her Sixth Amendment right to effective assistance of trial counsel. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal. For the reasons set forth below, each of these arguments lacks merit.

A.

An indictment has been constructively amended when the evidence at trial or a jury charge broadens the basis for conviction from the one contained in the indictment. *See United States v. Taylor*, 816 F.3d 12, 17 (2d Cir. 2016). A constructive amendment is a *per se* violation of the Grand Jury Clause of the Fifth Amendment, which requires reversal. *Id.* "To prevail on a constructive amendment claim, a defendant must demonstrate that the terms of the indictment are in effect altered by the presentation of evidence and jury instructions which so modify *essential elements* of the offense charged that there is a substantial likelihood that the defendant may have been convicted of an offense other than that charged in the indictment." *Id.* at 18 (internal quotation marks omitted) (emphasis in original). We permit "significant flexibility in proof" of the charges, "provided that the defendant was given *notice* of the *core of criminality* to be proven at trial. *Id.* (internal quotation marks omitted) (emphasis in original).

By contrast, a "variance" from an indictment "occurs when the charging terms are unaltered, but the evidence offered at trial proves facts materially different from those alleged in the indictment." *United States v. Lee*, --- F.3d ---, 2016 WL 4173425, at *10 (2d Cir. Aug. 8, 2016) (internal

quotation marks omitted). A variance only raises constitutional concerns when it deprives a defendant of the notice and double jeopardy protections of an indictment. *Id.* "A defendant alleging variance must show substantial prejudice to warrant reversal." *United States v. Rigas*, 490 F.3d 208, 226 (2d Cir. 2007) (internal quotation marks omitted).

At issue here are two mailings presented by the Government in support of its mail fraud charge: an October 25, 2012 letter from Kevin Conway, an attorney for the Village, to "Raj," an undercover FBI agent posing as a developer, requesting the financials of Raj's company (the "October 25 Mailing"); and a November 28, 2012 development agreement sent by Conway to Raj (the "November 28 Mailing"). Both mailings were sent at Jasmin's direction. Only the November 28 Mailing is listed in the indictment.

The Government's reliance on the October 25 Mailing was neither a constructive amendment nor a variance of the indictment. The proof at trial established that the November 28 Mailing was sent in furtherance of Jasmin's community center scheme, thereby satisfying the "use of the mail" element of mail fraud. The District Court expressly found that the Government had "proved the mailing charged in the indictment." Even assuming that Jasmin's conviction rested solely on the October 25 Mailing, which it does not, at most that reliance constituted a non-prejudicial variance. The October 25 Mailing was in furtherance of the same community center scheme alleged in the indictment and proved at trial. It was also provided to Jasmin a year and a half prior to trial, marked as an exhibit nearly a month before trial, and was the subject of cross-examination during Conway's testimony. Jasmin thus had more than adequate notice of the October 25 Mailing and cannot demonstrate prejudice.

B.

Although we review claims of insufficiency *de novo*, *United States v. Harvey*, 746 F.3d 87, 89 (2d Cir. 2014), it is well recognized that "a defendant mounting such a challenge bears a heavy burden" because "in assessing whether the evidence was sufficient to sustain a conviction, we review the evidence in the light most favorable to the government, drawing all inferences in the government's favor and deferring to the jury's assessments of the witnesses' credibility." *Id.* (internal quotation marks and citations omitted). Accordingly, we must sustain the jury's verdict if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (emphasis omitted) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

Reviewing the record in the light most favorable to the Government, we find that more than ample evidence was presented to support conviction. Jasmin's challenge to the sufficiency of the November 28 Mailing as to the mail fraud charge is unavailing. The October 25 Mailing alone is independently sufficient to satisfy the "use of mails" element of mail fraud. Moreover, a reasonable factfinder could conclude that to complete the object of her scheme, Jasmin foresaw that the Village would need to send Raj mailings, including the development agreement sent with the November 28

3

Mailing. That Mark Stern, Jasmin's co-conspirator and a FBI cooperator, already had a copy of the development agreement does not alter the fact that the November 28 Mailing was a foreseeable and necessary step in furtherance of the community center scheme.

Similarly, we reject Jasmin's challenge to her Hobbs Act conviction. The evidence presented at trial more than sufficiently describes the consideration received by Jasmin in exchange for her official actions as Mayor, including the $5,000 in cash from Stern, "advance" cash for their partnership, and shares in the limited liability corporation that would develop the community center. There is also more than sufficient evidence establishing the interstate commerce element, including Jasmin's rental of and travel to a hotel in New Jersey on May 1, 2012 to discuss the scheme with Stern. *See United States v. Al Kassar*, 660 F.3d 108, 120 (2d Cir. 2011) ("[E]ven if the government initiates an essential element of a crime, jurisdiction is not manufactured if the defendant then takes voluntary actions that implicate the government-initiated element." (internal quotation marks and alteration omitted)).

C.

The Court evaluates ineffective assistance claims pursuant to the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), in which petitioner must (1) show that his counsel's representation "fell below an objective standard of reasonableness" and (2) "affirmatively prove prejudice." *Id.* at 688, 694. We have generally expressed a "baseline aversion to resolving ineffectiveness claims on direct review." *United States v. Khedr,* 343 F.3d 96, 99-100 (2d Cir. 2003) (quoting *United States v. Williams,* 205 F.3d 23, 35 (2d Cir. 2000)). Unlike a claim brought pursuant to a 28 U.S.C. § 2255 motion, the record on direct appeal typically has not been developed "precisely for the object of litigating or preserving the claim and [is] thus often incomplete or inadequate for this purpose." *Massaro v. United States,* 538 U.S. 500, 505 (2003). Nevertheless, we may hear such a claim on direct appeal when the "resolution is beyond any doubt or to do so would be in the interest of justice." *United States v. Kimber*, 777 F.3d 553, 562 (2d Cir. 2015) (internal quotation marks omitted).

Jasmin's ineffective assistance claim, which rests on her assertion that defense counsel did not investigate and attack the October 25 Mailing, is meritless beyond any doubt. As Jasmin acknowledges, the District Court found that the November 28 Mailing independently satisfied the Government's burden of proof. Jasmin thus cannot show prejudice resulting from her counsel's alleged mishandling of the October 25 Mailing.

4

## CONCLUSION

We have reviewed all of the arguments raised by Jasmin on appeal and find them to be without merit. We thus **AFFIRM** the August 7, 2015 judgment of the District Court.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk