# United States Court of Appeals
## For the First Circuit

No. 06-2633

FÉLIX PÉREZ-ACEVEDO; IRIS YOLANDA-QUIÑONES; CONJUGAL PARTNERSHIP
PÉREZ-QUIÑONES, d/b/a DON MANUEL POULTRY FARM,

Plaintiffs, Appellants,

v.

LUIS RIVERO-CUBANO; YASENIA FIGUEROA-GUZMÁN; X AND Y,

Defendants, Appellees,

COMMONWEALTH OF PUERTO RICO,
Representing the Agriculture Department,

Defendant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO
[Hon. Camille L. Velez-Rive, U.S. Magistrate Judge]

Before
Howard, Circuit Judge,
Stahl and Siler,[*] Senior Circuit Judges.

Noel Avilés-González for appellants.
Juan P. Rivera-Roman and Juan P. Rivera-Roman Law Firm on
brief, for appellants.
Rosa Elena Pérez-Agosto, Assistant Solicitor General,
Department of Justice, with whom Salvador J. Antonetti-Stutts,
Solicitor General, Mariana D. Negrón-Vargas, Deputy Solicitor
General, and Maite D. Oronoz-Rodrìguez, Deputy Solicitor General,
were on brief, for appellees.

[*]Of the Sixth Circuit, sitting by designation.

March 12, 2008

**HOWARD**, <u>Circuit Judge</u>.   The appellants, who are poultry farmers, sued the Commonwealth of Puerto Rico and two Commonwealth officials under 42 U.S.C. § 1983.  The farmers' suit claimed that the defendants denied them certain benefits, in violation of their due process rights under the Fourteenth Amendment to the United States Constitution.  The plaintiffs also presented claims under Puerto Rico law, which were joined under supplemental jurisdiction. The magistrate judge dismissed the claims.  We affirm.

## I.

Plaintiffs Félix Pérez-Acevedo and Iris Yolanda-Quiñones operate Don Manuel Poultry Farm, a farm dedicated to the production and sale of fresh eggs.  In 2003, Puerto Rico's Secretary of Agriculture promulgated a regulation that reorganized production in the poultry industry.  Administrative Order No. 2003-058-Amended.[1] As part of the reorganizational scheme, farmers could, on a voluntary basis, join a production "nucleus" that would allow them to market products under the label "Del País".[2]  The order also provided that nucleus members would receive specific benefits from Puerto Rico's Department of Agriculture, including loan-guarantee programs, infrastructure programs, and tax credits.

---

[1]The enabling authority for this regulation was adopted in 1996. P.R. Laws Ann. tit. 5, §§ 3051-59.

[2]"Del País" is a mark of geographic origin that means "From the Country".

The plaintiffs did not join a nucleus, as the Don Manuel Poultry Farm promotes and distributes its own products and they saw no business reason to join. As a result, they experienced three disadvantages: 1) they were denied financial assistance for expansion of their farm from the Department of Agriculture; 2) they were charged special fees for inspections conducted by regulatory agencies; and 3) they were rendered newly ineligible for an existing supermarket credit program, whereby grocers received tax credits to buy products from designated local producers.

The plaintiffs filed suit under 42 U.S.C. § 1983 against the Commonwealth of Puerto Rico and two Commonwealth officials, former Secretary of the Department of Agriculture Luis Rivero-Cubano and Deputy Controller of the Fresh Eggs Industry of the Department of Agriculture Yasenia Figueroa-Guzmán, in their personal and official capacities.[3] The plaintiffs alleged that the "Del País" program had violated their rights under the First and Fourteenth Amendments to the United States Constitution.[4] They

_____

[3]The official capacity claims and those against the Commonwealth were dismissed early on in the litigation and are not part of this appeal.

[4]On appeal, the plaintiffs assert that the actions of the defendants deprived them of a property interest in violation of the "Fifth and/or Fourteenth Amendment." As the Fifth Amendment was not mentioned in their complaint, we do not consider it now. See General Motors Corp. v. Darling's, 444 F.3d 98, 113 (1st Cir. 2006) (court of appeals will not entertain legal theories not raised below).

also asserted claims under Puerto Rico's Constitution and P.R. Laws Ann. tit. 31, §§ 5141-42.  See 28 U.S.C. § 1367.[5]

The defendants' motion for judgment on the pleadings, under Fed. R. Civ. P. 12(c), was granted, and this appeal followed.

**II**.

We review the grant of judgment on the pleadings de novo. Mongeau v. City of Marlborough, 492 F.3d 14, 17 (1st Cir. 2007).

A motion for judgment on the pleadings is treated much like a Rule 12(b)(6) motion to dismiss.  Curran v. Cousins, 509 F.3d 36, 43-44 (1st Cir. 2007).  "Because [a Rule 12(c)] motion calls for an assessment of the merits of the case at an embryonic stage, the court must view the facts contained in the pleadings in the light most favorable to the nonmovant and draw all reasonable inferences therefrom . . . ."  R.G. Fin. Corp. v. Vergara-Nunez, 446 F.3d 178, 182 (1st Cir. 2006).  Under Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1965 (2007), to survive a Rule 12(b)(6) motion (and, by extension, a Rule 12(c) motion) a complaint must contain factual allegations that "raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true . . . ."  Id. at 1965 (internal citation omitted).

---

[5]The supplemental state law claims were dismissed without prejudice.

From this posture, we consider the plaintiffs' claims. A section 1983 violation occurs when an official acting under color of state law acts to deprive an individual of a federally protected right.[6] Maymi v. Puerto Rico Ports Authority, ___ F.3d ___, 2008 WL 240376 at *3 (1st Cir. Jan. 30, 2008). Here, we assume that all facts in the complaint are true. We must determine whether, on those facts, the plaintiffs would be able show "above the speculative level" that such a deprivation occurred. Bell Atlantic, 127 S. Ct. at 1965.

This appeal centers on the plaintiffs' procedural due process claims.[7] The plaintiffs make an initial argument that the court failed to consider their procedural due process claim in its order granting the motion for judgment on the pleadings.[8] Although the dismissal order mentions the due process argument several times, the order does not analyze the claim. Nevertheless, we have considered the plaintiffs' procedural due process claim and find that it fails on the merits. See Torromeo v. Town of Fremont, 438

---

[6]For the purposes of a section 1983 analysis, Puerto Rico is considered a state. Redondo-Borges v. United States Dep't of Housing and Urban Dev., 421 F.3d 1, 7 (1st Cir. 2005).

[7]The plaintiffs have waived the First Amendment and equal protection claims asserted below by not raising those claims before us. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

[8]The defendants argue that the due process claim was asserted for the first time on appeal. But the plaintiffs did assert a due process violation in their complaint, albeit without great detail, and also argued the due process issue in their opposition to the motion for judgment on the pleadings.

F.3d 113, 118 (1st Cir. 2006) (under de novo review we may affirm the court below on any basis made apparent from the record).

The test for a procedural due process violation requires the plaintiffs to show first, a deprivation of a protected property interest, and second, a denial of due process.  To meet the first prong and show that a "statutorily created benefit" is a property interest, "a person 'must have more than a unilateral expectation of it.  He must, instead, have a legitimate claim of entitlement to it.'"  Coyne v. City of Somerville, 972 F.2d 440, 443 (1st Cir. 1992) (quoting Board of Regents v. Roth, 408 U.S. 564, 577 (1972)). In order to be "legitimate," the entitlement must be grounded in some statute, rule, or policy.  Roth, 408 U.S. at 576.

The complaint did assert an entitlement to the "benefits, credits and incentives" the Don Manuel Poultry Farm received prior to the enactment of the nucleus program, but whether that entitlement is grounded in state law is less clear.  The complaint referenced two different sources of state law:  1) a tax credit program; and 2) a 2001 statute regarding financial assistance for farmers.

The tax credit program, P.R. Laws Ann. tit. 13, § 8440f, does not confer a property interest upon the plaintiffs:  the tax credits belong to supermarkets, not farmers.  See Town of Castle Rock v. Gonzales, 545 U.S. 748, 767 (2005) (indirect benefits are not protected property interests.)

-7-

The plaintiffs' other claim, grounded on an asserted entitlement to financial assistance based on the 2001 statute, fares no better. First of all, the claim is not argued on appeal, and is thus waived. Zannino, 895 F.2d at 17. Second, the complaint's reference to the statute lacks identifying information such as a citation or an English language title.[9] Conceivably, the statute grants the plaintiffs a property interest in the financial assistance. See, e.g., Mard v. Town of Amherst, 350 F.3d 184, 189 (1st Cir. 2003) (finding property interest in firefighter's injury leave benefits based on Massachusetts law); PFZ Props., Inc. v. Rodriguez, 928 F.2d 28, 30-31 (1st Cir. 1991) (assuming property interest in building permit based on Puerto Rico law). But to assume an entitlement grounded in state law from a complaint that makes scant reference to an insufficiently identified statute would go against Bell Atlantic's admonition that a complaint's allegations must be more than "speculative." 127 S. Ct. at 1965. We decline to make that assumption here.

Even were we to assume that the plaintiffs had a protected property interest in financial assistance, to prevail in their claim they would need to demonstrate a denial of due process. In this regard, the complaint does not assert that Puerto Rico's

---

[9]"It is well settled that federal litigation in Puerto Rico [must] be conducted in English." González-De-Blasini v. Family Dep't, 377 F.3d 81, 88 (1st Cir. 2004) (citation and internal quotation marks omitted).

procedures in the administration of financial assistance, or in any other area, violated due process.  In their opposition below and in their appellate brief, however, the plaintiffs reference Puerto Rico's Uniform Administrative Procedure Act ("UAPA"), P.R. Laws Ann. tit. 3, §§ 2101-2201, to suggest that they were entitled to a hearing upon denial of their request for financial assistance.  They do not, however, provide any analysis of the statute to support the contention that a hearing was required.[10]

The UAPA provides procedural safeguards for actions undertaken by Puerto Rico's administrative agencies, but carves out an exception for certain types of actions, including administration of loans and subsidies.  P.R. Laws Ann. tit. 3, § 2151.  Those actions are considered "informal non-quasi judicial procedures" and there is no entitlement to formal procedures such as hearings.  Id. The only procedural right available in the case of informal

---

[10]Consideration of another provision mentioned in the plaintiffs' opposition, 2002 regulation No. 6398, is waived.  The plaintiffs claim that this regulation establishes a framework for providing financial assistance to farmers.  But the regulation is not in the record, and no English translation is readily available.  See González-De-Blasini, 377 F.3d at 88.  The plaintiffs did not file a motion to supplement the record with this regulation at any point, nor did they request that this court take judicial notice of the regulation.  Although the plaintiffs discussed the regulation at oral argument, they neither identified it nor discussed it in their appellate brief.  While a 2001 financial assistance regulation is mentioned in the plaintiffs' complaint, they have provided this court with little or no basis to conclude that the two regulations are one and the same, and no developed argumentation as to either regulation on appeal.  Reliance on 2002 regulation No. 6398 is therefore waived.  Zannino, 895 F.2d at 17.

procedures is the right to petition for reconsideration by filing a motion within 20 days of an adverse decision. Id. § 2165. Here, the Department of Agriculture's denial of benefits to the plaintiffs was an informal procedure. The plaintiffs do not allege that they requested and were denied reconsideration. In the absence of any developed argument that the UAPA entitled them to a hearing despite its express language to the contrary, the plaintiffs' claim that they were entitled to a hearing fails, as well.

For the above reasons, the plaintiffs have not shown a denial of rights secured by the Constitution, and as such the motion for judgment on the pleadings was properly granted.[11]

**Affirmed**.

---

[11]The plaintiffs also argued that the court erred in allowing the motion for judgment on the pleadings to be filed after a pre-existing deadline. The original deadline to file dispositive motions was October 15, 2005, and the defendants did not file their motion until June 27, 2006. In late 2005, both parties consented to have the case tried by a magistrate judge, who, in response to delays and rescheduling requests, issued a new scheduling order and set a new date for trial of August, 2006. The magistrate judge did not specifically set a new deadline for dispositive motions. There was no abuse of discretion in the decision to allow the motion. Judges have "great latitude" to exercise authority in matters of case management. Rosario-Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir. 1998) (quoting Jones v. Winnepesaukee Realty, 990 F.2d 1, 5 (1st Cir. 1993)) (internal quotation marks omitted).