# United States Court of Appeals
## For the First Circuit

No. 07-1774

LUIS MORALES-TAÑON,

Plaintiff, Appellant,

v.

THE PUERTO RICO ELECTRIC POWER AUTHORITY; HÉCTOR ROSARIO; EDWIN
RIVERA; VALERIANO OTERO; LUIS AVILÉS; WILFREDO PANTOJAS; RAMÓN
BURGOS; LUIS JIMÉNEZ-PAGÁN; JOHN DOE; RICHARD DOE; JORGE
RODRÍGUEZ; ANÍBAL HERNÁNDEZ-RAMOS,

Defendants, Appellees.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. José Antonio Fusté, U.S. District Judge]

Before

Torruella and Lynch, Circuit Judges,
and Keenan[*], Senior District Judge.

Julio César Alejandro Serrano and Nicolás Nogueras Cartagena
on brief for appellant.
Marie L. Cortés Cortés and Llovet Zurinaga & López, PSC on
brief for appellees the Puerto Rico Electric Power Authority and
Jorge Rodríguez, Edwin Rivera, Valeriano Otero, Ramón Burgos, Luis
Jiménez-Pagán, and Luis Avilés in their official capacities.
Irene S. Soroeta-Kodesh, Assistant Solicitor General, Salvador
J. Antonetti-Stutts, Solicitor General, Mariana D. Negrón-Vargas,
Deputy Solicitor General, and Maite D. Oronoz-Rodríguez, Deputy

---

[*] Of the Southern District of New York, sitting by
designation.

Solicitor General, on brief for appellees Edwin Rivera, Valeriano Otero, Luis Avilés, Wilfredo Pantojas, Ramón Burgos, and Luis Jiménez-Pagán in their individual capacities.

_____

April 17, 2008

_____

**LYNCH**, <u>Circuit Judge</u>. Luis Morales-Tañon appeals the dismissal of his political discrimination and due process claims against his employer, the Puerto Rico Electric Power Authority ("PREPA"), and various of its representatives. Morales-Tañon brought suit under 42 U.S.C. § 1983, claiming violations of his First, Fifth, and Fourteenth Amendment rights; he also alleged violations of Puerto Rico law. The district court dismissed all of plaintiff's claims, and we affirm.

Because plaintiff's claims were dismissed under Federal Rule of Civil Procedure 12(b)(6), we accept the well-pleaded allegations in plaintiff's complaint as true and draw all reasonable inferences in his favor. <u>Parker</u> v. <u>Hurley</u>, 514 F.3d 87, 90 (1st Cir. 2008).

Morales-Tañon, an attorney, has held a career position as a member of PREPA's Auction Committee since 1997. The complaint gives no information about what the Auction Committee does. He is an active member of the New Progressive Party ("NPP"), which controlled the government in Puerto Rico at the time of his appointment. The 2000 elections, however, brought the Popular Democratic Party ("PDP") into power. The new administration in 2002 increased the size of PREPA's Auction Committee from three to five members, with the two new members being PDP adherents. PREPA officials then ceased appointing Morales-Tañon to temporary terms as acting president of the Auction Committee, appointing the new

PDP committee members instead.  They did this even though the two new individuals were not yet (according to Morales-Tañon) full permanent members of the committee.

In January 2006, the president of the committee formally retired.  At the time of the filing of this complaint, PREPA had yet to start the appointment process for a replacement president.  This takes us to the crux of Morales-Tañon's complaint: that PREPA has not yet opened up the presidency position "for no other reason than to discriminate against Plaintiff by allowing the newly appointed members of the PDP to obtain their status as permanent members of the Auction Committee and thus[] qualify for an appointment as President . . ., all in retaliation for Plaintiff's political activities in support of the NPP."  Plaintiff asserts that he is the only member of the committee who is currently qualified to hold the presidency.  Morales-Tañon also amended his complaint to add allegations of continuing harassment and retaliation.  The alleged retaliation is his receipt of a reprimand for raising his voice to a co-worker and an ethics charge for engaging in private practice outside work hours, both of which actions were taken in January 2007.

Morales-Tañon brought suit in federal district court in November 2006, alleging that defendants deprived him "of a reasonable employment promotion expectation" in violation of his First Amendment and due process rights.  He sought compensatory and

punitive damages and requested that the court either order PREPA to retroactively instate him as president (a position he has never held) or to start the appointment process.

Defendants moved for dismissal, arguing that Morales-Tañon had failed to state a cognizable constitutional claim under § 1983 and that many of his claims under § 1983 were also time-barred. The district court agreed. It found plaintiff's allegations regarding the 2002 change in the Auction Committee's composition barred by the statute of limitations. It ruled out the due process claim because Morales-Tañon had not identified a recognized and protected property interest of which he was deprived, and it found no First Amendment-based political discrimination claim because plaintiff had not alleged any adverse employment action. As to the amended complaint, the court found the complaint had not pled any facts from which an inference could be drawn of a connection between the reprimand and ethics charge and Morales-Tañon's political affiliation. The court thus dismissed the § 1983 claims with prejudice and, declining to exercise supplemental jurisdiction over the remaining state law claims, dismissed those claims without prejudice.

Our review of Rule 12(b)(6) dismissals is de novo. Parker, 514 F.3d at 95. The district court's unpublished opinion carefully and correctly analyzed plaintiff's claims; we thus keep our analysis brief.

To survive a motion to dismiss for failure to state a claim, a complaint must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration in original) (citations omitted).

Bell Atlantic "retire[d]" the seemingly broader language regarding pleading standards in Conley v. Gibson, 355 U.S. 41 (1957). Bell Atl. Corp., 127 S. Ct. at 1969. Specifically, the Court cabined Conley's language that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46. The Court clarified that Conley "described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival." Bell Atl. Corp., 127 S. Ct. at 1969; see also Damon v. Moore, ___ F.3d ___, 2008 WL 748269, at *3 (1st Cir. Mar. 21, 2008) (discussing Bell Atlantic's retirement of Conley's oft-quoted language); Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95-

96 (1st Cir. 2007) (same). Thus plaintiff's assertion that "all [he] needs to plead is enough facts for the Honorable Court to be able to frame a constitutional claim," is simply wrong. A plaintiff's complaint must itself frame a viable constitutional claim.

In Puerto Rico, § 1983 claims are subject to a one-year statute of limitations. Marrero-Gutierrez v. Molina, 491 F.3d 1, 5 (1st Cir. 2007). The statute of limitations on such claims begins to run when the injury occurs, even if the plaintiff did not know of the discriminatory animus at that time. Id. at 5-6. The district court clearly explained why the statute bars plaintiff's 2006 attack on the 2002 change in the Auction Committee composition and correctly concluded that any after-effects did not fall within the so-called continuing violation doctrine.[1] See Limestone Dev. Corp. v. Vill. of Lemont, ___ F.3d ___, 2008 WL 852586, at *2-3 (7th Cir. Apr. 1, 2008) (Posner, J.) ("[T]he 'continuing violation' doctrine is misnamed. . . . The office of the misnamed doctrine is to allow suit to be delayed until a series of wrongful acts blossoms into an injury on which suit can be brought."). Any injury to plaintiff from the 2002 actions was clear by 2003. Further, plaintiff does not provide any legal argument or case

---

[1] The alleged retaliatory reprimand and ethics charge in January 2007 were not part of a continuing violation, the office which plaintiff assigned to them. If they were meant to stand independently, they fail because no allegation sufficiently connects them to Morales-Tañon's political affiliations.

-7-

citations on appeal as to why the district court was wrong. "We have steadfastly deemed waived issues raised on appeal in a perfunctory manner, not accompanied by developed argumentation . . . ." United States v. Bongiorno, 106 F.3d 1027, 1034 (1st Cir. 1997).

We turn then to plaintiff's timely claims regarding PREPA's failure to open the application process in order to fill the position of the Auction Committee presidency after January 2006. "The First Amendment protects non-policymaking public employees from adverse employment actions based on their political opinions." Marrero-Gutierrez, 491 F.3d at 9. To establish a prima facie case of political discrimination in violation of the First Amendment, a government employee must demonstrate both that there was an adverse employment action and that this adverse action was motivated by discrimination on the basis of political affiliation. See, e.g., Bisbal-Ramos v. City of Mayagüez, 467 F.3d 16, 22 (1st Cir. 2006).

"Adverse employment action" includes not only discharge and demotions, but also a government entity's refusal to promote, transfer, recall after layoff, or even hire an employee. Rutan v. Republican Party of Ill., 497 U.S. 62, 79 (1990). As the district court noted, plaintiff has alleged no specific changes in his existing working conditions. Further, PREPA has not turned him down for a promotion. Morales-Tañon asserts only that PREPA has

-8-

not begun accepting applications for a position for which he feels eminently qualified. As the district court summarized, "[w]e have not found, nor has Plaintiff cited to, a case where the failure to open up a position in a timely fashion served as the basis for a political or employment discrimination claim." Plaintiff still has not identified such a case on appeal. We agree there is no cognizable adverse employment action here within the scope of Rutan. Plaintiff also makes no coherent claim of a violation of free speech rights independent of his political affiliation claim.

Plaintiff's procedural due process rights claim does not fare better. The district court explicated and applied the correct standard. Morales-Tañon argues primarily that the court impermissibly reached this issue sua sponte. We do not agree.

There is no concern about unfairness to plaintiff. While defendants' motion to dismiss the § 1983 claims focused on plaintiff's First Amendment arguments (which comprised the bulk of plaintiff's complaint), defendants moved to dismiss the entire § 1983 cause of action for failure to state a claim, not just the § 1983 claim premised on a First Amendment violation. The motion also referenced the very reason why the district court found the due process claim to be meritless: "the complaint does not allege that [the presidency] position was adjudicated in property [sic] to anyone," that is, there was no assertion of a property interest.

Fundamentally, plaintiff has failed to state a procedural due process claim because he has not alleged a property interest under state law in the opening of an application process for the president's position. See PFZ Props., Inc. v. Rodriguez, 928 F.2d 28, 30 (1st Cir. 1991) (allegation of a property interest under state law is required to establish a procedural due process claim); cf. Pérez-Acevedo v. Rivero-Cubano, ___ F.3d ___, 2008 WL 650665, at *2 (1st Cir. Mar. 12, 2008) ("[T]o assume an entitlement grounded in state law from a complaint that makes scant reference to an insufficiently identified statute would go against Bell Atlantic's admonition that a complaint's allegations must be more than 'speculative.'"). Even now Morales-Tañon has cited to nothing which would establish either a property interest on his part in the president's position or in the opening of the position for competitive selection. Thus we agree that the allegations in the complaint, taken in the light most favorable to the plaintiff, fail to state a claim on which relief can be granted.

We affirm. Costs are awarded to defendants.