Bryant v. Liberty Mutual Group        11-CV-217-SM   09/29/11

UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


Terry Bryant,
      Plaintiff

      v.                                Case No. 11-cv-217-SM
                                        Opinion No. 2011 DNH 151
Liberty Mutual Group, Inc.,
      Defendant


                        O R D E R


      In her ten-count complaint, Terry Bryant asserts that her

former employer, Liberty Mutual Group, wrongfully terminated her

employment and then fraudulently induced her to sign a release of

claims.   Liberty Mutual moves for judgment on the pleadings.   See

Fed. R. Civ. P. 12(c).   That motion is denied.


      The thrust of Liberty Mutual's argument is this: in exchange

for severance pay to which she was not otherwise entitled, Bryant

knowingly and voluntarily signed a "Severance Agreement and

General Release" (document no. 5-3), which precludes her from

pursuing each of the multiple claims advanced in this litigation.

That may or may not be true, depending on the evidence Bryant is

able to produce in support of her fraud, undue influence, and

misrepresentation claims.

According to her complaint, however, Bryant did not "knowingly" or "voluntarily" sign the release. Rather, she says she signed it only after Liberty Mutual exerted undue influence upon her and affirmatively misrepresented the scope and legal effect of the release. If, as Bryant claims, the release is unenforceable, it plainly cannot serve to bar her discrimination and wrongful termination claims.

Equally plain is the fact that, at this preliminary stage of the litigation, the court cannot conclude that Bryant's claims - weak as they may appear to be - are necessarily barred as a matter of law. At this juncture, the court must accept the factual allegations in Bryant's complaint as true. The arguments presented in Liberty Mutual's motion are more properly addressed after discovery, and in the context of a motion for summary judgment.[1]

_____

[1] For example, Liberty Mutual makes the following argument:

> To determine whether a release was knowingly and voluntarily entered into, the court applies a totality of the circumstances test.
> * * *
> The totality of the circumstances here demonstrates that Plaintiff entered into the Agreement knowingly and voluntarily, and thus she validly waived her age discrimination claim against Defendant.

Defendant's memorandum (document no. 18-1) at 9-10. That and similar arguments made throughout Liberty Mutual's memorandum (e.g., "she has not provided any evidence that she was subjected

Based on the arguments advanced in its motion, Liberty Mutual has not demonstrated that it is entitled to the relief it seeks. Accordingly, defendant's motion for judgment on the pleadings (document no. 18) is denied.

SO ORDERED.

_____
Steven J. McAuliffe
Chief Judge

September 29, 2011

cc: John E. Lyons, Jr., Esq.
    Nancy E. Oliver, Esq.

---

to an adverse job action," id. at 20) misapprehend the nature of a motion for judgment on the pleadings and what a plaintiff must do in order to survive such a motion. See generally Citibank Global Mkts, Inc. v. Rodriguez Santana, 573 F.3d 17, 23 (1st Cir. 2009); Perez-Acevedo v. Rivero-Cubano, 520 F.3d 26, 29 (1st Cir. 2008).