Amanda VINSON, Plaintiff,

v.

CREDIT CONTROL SERVICES,
INC. d/b/a Credit Collection
Services, Defendant.

Civil Action No. 12–10625–JLT.

United States District Court,
D. Massachusetts.

Dec. 11, 2012.

John F. Skinner, III, Manchester, NH, for Plaintiff.

Andrew M. Schneiderman, Ranen S. Schechner, Hinshaw & Culbertson LLP, Boston, MA, for Defendant.

## MEMORANDUM

TAURO, District Judge.

### I. *Introduction*

This action arises from an alleged violation of the Fair Debt Collection Practices Act ("FDCPA"). Before the court is Defendant's, Credit Control Services, Inc. d/b/a Credit Collection Services ("Credit Control Services"), *Motion for Judgment on the Pleadings* [# 10]. The court held a hearing on this motion on October 2, 2012. For the reasons set forth below, this motion is ALLOWED.

### II. *Factual Background*

In brief, Plaintiff Amanda Vinson ("Vinson") alleges the following facts in her *Amended Complaint* [# 3]. Vinson lives in Alabama.[1] She allegedly owes a debt to an unnamed third party,[2] and Credit Control Services attempted to collect that debt. Specifically, Credit Control Services called Vinson at home on December 7, 2011, at 9:39 p.m., attempting to collect the debt.[3] Vinson told the caller that it was after 9:00 p.m., and the caller terminated the call.[4]

### III. *Discussion*

#### A. *Standard of Review*

A court treats a Rule 12(c) motion for judgment on the pleadings much the same as a Rule 12(b)(6) motion to dismiss.[5] The court must view the facts in the pleadings in the light most favorable to the nonmoving party and draw all reasonable inferences therefrom.[6] "Under *Bell Atlantic v. Twombly*, to survive a Rule 12(b)(6) motion (and, by extension, a Rule 12(c) motion) a complaint must contain factual allegations that 'raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true....'"[7] Unlike a Rule 12(b)(6) motion, the Rule 12(c) motion "implicates the pleadings as a whole."[8] Thus, the court may consider factual allegations contained in the answer that are not contradicted by the complaint.[9]

Ordinarily, the court may not consider materials outside the pleadings without converting the motion into a motion for summary judgment.[10] "There is, however, a narrow exception 'for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in

---

1. Am. Compl. ¶ 4 [# 3].

2. Am. Compl. ¶ 8.

3. Am. Compl. ¶ 11.

4. Am. Compl. ¶ 13.

5. *Pérez–Acevedo v. Rivero–Cubano*, 520 F.3d 26, 29 (1st Cir.2008).

6. *Id.*

7. *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

8. *Curran v. Cousins*, 509 F.3d 36, 43 (1st Cir.2007).

9. *Santiago v. Bloise*, 741 F.Supp.2d 357, 360 (D.Mass.2010).

10. *See Gulf Coast Bank & Trust Co. v. Reder*, 355 F.3d 35, 38 (1st Cir.2004); *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir.1993).

the complaint.' " [11]   Here, Vinson challenges inclusion of three of Credit Control Services's exhibits [12] and argues that the court may not consider them without converting the motion to one for summary judgment. Because these exhibits do not affect the resolution of the issues, the court has not considered them.

### B. *Violation of 15 U.S.C. § 1692c(a)(1)*

Vinson alleges that Credit Control Services violated 15 U.S.C. § 1692c(a)(1). The statute states in relevant part that a debt collector may not communicate with a consumer:

> at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location. [13]

Vinson claims that Credit Control Services violated the statute by calling her after 9:00 p.m., a time presumed to be inconvenient. [14]   Credit Control Services admits that it placed the call at 9:39 p.m. Eastern Standard Time ("EST"). [15]   But it argues that, because Vinson lives in Alabama, located in the Central time zone, she received the call at 8:39 p.m. Central Standard Time ("CST"). [16]   Vinson counters that while the state of Alabama does fall in the Central time zone, her home town of Valley, Alabama, actually adheres to EST. [17]   Thus, she concludes, she received the call after 9:00 p.m. "local time at the consumer's location." [18]   The parties do not dispute that Credit Control Services placed the call to Vinson at 9:39 p.m. EST. [19]

When interpreting a federal statute, the Uniform Time Act of 1966 requires that a court apply United States standard time zones. [20]   Alabama is in the Central time zone. [21]   Vinson has not directed the court to any authority that

---

**11.** *Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co.,* 267 F.3d 30, 33 (1st Cir.2001) (quoting *Watterson,* 987 F.2d at 3).

**12.** Vinson challenges inclusion of the following exhibits attached to Credit Control Services's Mem. Supp. J. Pleadings [# 11]:
Exhibit E:  Two Letters from Vinson to Credit Collection Services, Inc.
*Initial letter formally notifying Credit Collection Services, Inc. of Vinson's representation by counsel (dated Jan. 19, 2012);* Mass. Gen. Laws ch. 93A Demand Letter (dated Feb. 23, 2012)
Exhibit F:  Certified Copy of Credit Control Services' Annual Report to the Mass. Secretary of State under Mass. Gen. Laws ch. 156 D, § 16.22
Exhibit G:  Certified Copy of Articles of Dissolution of Credit Collection Services, Inc., pursuant to Mass. Gen. Laws ch. 156B, § 100

**13.** 15 U.S.C. § 1692c(a)(1).

**14.** Am. Compl. ¶ 16.

**15.** Def.'s Answer ¶ 11.

**16.** *See* Def.'s Answer ¶ 11 [# 8];  Def.'s Mem. Supp. Mot. J. Pleadings 3–4 [# 11].

**17.** Pl.'s Opp'n Def.'s Mot. J. Pleadings 2 [# 23].

**18.** 15 U.S.C. § 1692C(a)(1).

**19.** Def.'s Answer ¶ 11.

**20.** *See* 15 U.S.C. § 262 ("In all statutes, orders, rules, and regulations relating to the time … within which any act shall or shall not be performed by any person subject to the jurisdiction of the United States, it shall be understood and intended that the time shall … be the United States standard time of the zone within which the act is to be performed.").

**21.** 49 C.F.R. §§ 71.5, 71.6;  Ala.Code § 1–1–4 (1975).

would allow a municipality to deviate from federal time zones for purposes of federal law. Thus, as a matter of law, Vinson received the phone call at 8:39 p.m. Her claim under the FDCPA fails.

## C. *Violation of Chapter 93A*

First, in her opposition, Vinson requests dismissal of Count II(a) pursuant to Rule 41.[22] This count alleges that Credit Control Services violated Chapter 93A by engaging in debt collection without a license. Vinson originally filed this suit against the wrong party, a "Credit Collection Services, Inc.,"[23] which she alleged operated without a license. Having now identified the proper party, Credit Control Services, and having realized that she cannot maintain this claim, Vinson has requested dismissal of only the allegation that Credit Control Services operated without a license.[24] Because Vinson has conceded this claim, her request for dismissal is ALLOWED.

Second, Vinson premised Count II(b) on her alleged violation of the FDCPA.[25] Because she has not established a violation of the FDCPA, Vinson cannot prevail under Chapter 93A.[26]

## IV. *Conclusion*

For the foregoing reasons, Credit Control Services's *Motion for Judgment on the Pleadings* [# 10] is ALLOWED. THIS CASE IS CLOSED.

AN ORDER HAS ISSUED.

22. Pl.'s Opp'n Def.'s Mot. J. Pleadings 11–12[# 23].

23. See Compl. [# 1].

24. Am. Compl. ¶ 18(a).

25. *See* Am. Compl. ¶ 18(b).

## ORDER

For the reasons set forth in the accompanying *Memorandum,* this court hereby orders that Defendant's *Motion for Judgment on the Pleadings* [# 10] is ALLOWED.

THIS CASE IS CLOSED.

IT IS SO ORDERED.

26. The court also notes that Vinson admitted at the hearing that she failed to send a demand letter to Credit Control Services before commencing this suit. Because the demand letter is a jurisdictional requirement, failure to send a demand letter is itself grounds for dismissal. *See McKenna v. Wells Fargo Bank, N.A.,* 693 F.3d 207, 217–18 (1st Cir.2012).