Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL ESPECIAL**

| | | |
|---|---|---|
| Magdalena S. Espinosa López, Kathryn A. McCloskey Díaz, Mariola Espinosa McCloskey y Marina Espinosa McCloskey<br><br>Demandantes-Apelantes<br><br>vs.<br><br>Triple S Salud, Inc. (antes Seguros de Servicios de Salud de P.R., Inc., t/c/p Triple S Inc.); y Triple S Management Corp.; Entidades A, B, y C; Sutano de Tal, Fulana de Tal y Manuel Espinosa McCloskey<br><br>Demandados y Demandado-Nominal el último; Apelados | KLAN202301020 | **APELACIÓN** procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br><br>Civil Núm.:<br><br>SJ2022CV04242 (908)<br><br><br><br>Sobre:<br>Ley de Corporaciones |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Ronda del Toro y la Jueza Díaz Rivera.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 13 de diciembre de 2023.

Comparece la parte apelante Magdalena Sofía López, Kathryn Ann McCloskey Díaz, Mariola Espinosa McCloskey y Marina Espinosa McCloskey (en adelante, "Sucesión Espinosa Robledo") para solicitarnos que se revoque la "Sentencia" emitida y notificada por el Tribunal de Primera Instancia, Sala Superior de San Juan, el 3 de abril de 2023. Mediante dicha "Sentencia" se declara Ha Lugar la Moción de Desestimación.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración se

confirma mediante los fundamentos que expondremos a continuación.

## I.

El 23 de mayo de 2022, la Sucesión Espinosa Robledo instó una Demanda contra Triple-S Salud (en adelante, "TSS") y Triple-S Management Corporation ("TSM") para exigir la titularidad de unas acciones que pertenecían al Dr. Manuel Espinosa Robledo (en adelante, "Dr. Espinosa Robledo" o "el causante"). Surge de la Demanda que el causante tuvo dos hijos: (1) la Sra. Magdalena Sofía Espinosa López y (2) el Dr. Ángel Francisco Espinosa. Este último falleció y fue sustituido por su sucesión, la cual está compuesta por su viuda, Kathryn McCloskey, sus hijas Mariola y Marina Espinosa McCloskey y su hijo Manuel Espinosa McCloskey.

Estos alegan que (1) el Dr. Espinosa Robledo era dueño de varias acciones de la entidad Seguros de Servicios de Salud de Puerto Rico, Inc. (ahora TSS), (2) la parte apelante posee certificado de acciones para la acción original adquirida y de dos acciones resultantes de una transacción de división de acciones, (3) los certificados no se han redimido, cedido o traspasado a persona alguna, menos aun a la parte apelada, (4) los certificados no contienen disposiciones que establezcan la obligación de los accionistas de permitir que la corporación redima las acciones al fallecimiento de los causantes y (5) la acción de redimir las acciones es nula y en violación a los derechos hereditarios. Así pues, solicitaron que la parte apelada emita nuevos certificados a nombre de cada uno de los miembros de la Sucesión Robledo Espinosa, el pago de los dividendos dejados de percibir, la rendición de cuentas y que se determine el valor presente de las acciones.

Posteriormente, el 11 de octubre de 2022, TSS y TSM radicaron una Moción de Desestimación. Argumentaron que, procede desestimar la Demanda por las siguientes razones: (1) la causa de acción está prescrita por haber transcurrido más de 40 años desde que ocurrió la redención, (2) las tres acciones fueron válidamente redimidas por TSS a solicitud de la viuda y albacea de la sucesión del causante, la Sra. Gloria López Ramírez (en adelante, "Sra. López Ramírez"), (2) los apelantes no tienen derecho a tener acceso a los libros corporativos porque no son accionistas de TSS ni de TSM, (4) la redención no violentó el ordenamiento legal respecto a las figuras de herencia y Sociedad Legal de Gananciales, (5) TSS no es un brazo del estado y (6) en su defecto, las acciones en controversia, fueron adquiridas por virtud de la figura de usucapión.

A la Moción de Desestimación anejaron varios documentos a saber: (1) los certificados de acciones, (2) correos electrónicos intercambiados entre la representación legal de los apelantes y TSS, (3) declaraciones juradas de la albacea testamentaria y viuda del causante. De esta documentación se desprende que, la fecha de muerte del Dr. Espinosa Robledo es el 22 de marzo de 1979. También que la Sra. López Ramírez solicitó la cancelación de las acciones pertenecientes al causante el 20 de noviembre de 1979 y el 7 de enero de 1981. La parte apelada señaló que, la Demanda se redactó de manera imprecisa con el objetivo de evadir la defensa de prescripción. Solicitaron que la Moción de Desestimación no se considerara como una sentencia sumaria, porque los documentos hacen referencia a los hechos consignados en la Demanda y que responden a las imprecisiones de la Demanda.

Así las cosas, el 30 de diciembre de 2022, la Sucesión Espinosa Robledo presentó su Oposición a Moción de Desestimación. Indicaron que: (1) la Moción de Desestimación se

basa en una serie de hechos que no surgen de la faz de la Demanda, (2) los documentos no pueden considerarse en esta etapa sin que se realice un extenso y exhaustivo descubrimiento de prueba, (3) las reglas procesales exigen que una moción de desestimación a la que se anejan documentos se considere como una de sentencia sumaria, y (4) de la Demanda no surge que la acción este prescrita. El 31 de enero de 2023, TSS y TSM presentaron su Réplica a Oposición a Moción de Desestimación. En su escrito manifestaron que: (1) la parte apelante omitió datos indispensables en la Demanda, como la fecha de la muerte del causante, (2) la Demanda está mal redactada (3) las alegaciones mal hechas y las argumentaciones de derecho no tienen que darse por ciertas y (4) que aun tomando como ciertos los hechos bien alegados en la Demanda, la Sucesión Espinosa Robledo no tiene derecho a remedio alguno.

Luego de varios trámites procesales, el 3 de abril de 2023, el Foro Primario emitió una Sentencia donde declaró Ha Lugar la Moción de Desestimación radicada por la parte apelada y desestimó la Demanda con perjuicio.

Inconforme con lo anteriormente resuelto, la parte apelante acudió a este Tribunal mediante el recurso de epígrafe, en el que señaló los siguientes errores:

A. *erró el TPI al desestimar esta acción bajo la figura de la prescripción cuando los hechos en que descansa esa defensa afirmativa no surgen con claridad de las alegaciones de la demanda*

B. *Erró el TPI al dejar de considerar los hechos bien alegados en la demanda, al considerar como ciertas las alegaciones hechas por Triple S, que surgen de documentos extrínsecos a la demanda, como hechos admitidos, sin convertir la moción de desestimación presentada por Triple S en una sentencia sumaria conforme requerido por Ley*

C. *La supuesta redención de acciones no se ajustó a derecho*

D. *Erró el TPI al dejar de aplicar la Doctrina de Imprescriptibilidad de las acciones que surgen de un acto nulo ab initio lo cual hubiera requerido que se declarara No Ha Lugar la moción de desestimación promovida por Triple-S.*

**II.**

**A.**

La Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, permite que un demandado solicite la desestimación de la causa de acción en su contra, antes de contestarla, si de las alegaciones de la demanda surge claramente que alguna de las defensas afirmativas prosperará. *Conde Cruz v. Resto Rodríguez et al.*, 205 DPR 1043, 1065 (2020).

La precitada regla dispone lo siguiente:

*Toda defensa de hechos o de derecho contra una reclamación se expondrá en la alegación responsiva excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante una moción debidamente fundamentada: **(1) falta de jurisdicción sobre la materia;** (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; (6) dejar de acumular una parte indispensable.* (Énfasis Nuestro.)

Al evaluar una moción de desestimación, los tribunales están obligados a tomar como ciertos todos los hechos bien alegados en la demanda y, a su vez, considerarlos de la forma más favorable a la parte demandante. *López García v. López García*, 200 DPR 50, 73 (2018). Esta doctrina solo es aplicable a los hechos que, de su faz, no dan margen a dudas. *First Fed. Savs v. Asoc. De Condómines,* 114 DPR 426, 432 (1983). El tribunal también dará por admitidas las inferencias que surjan de los hechos. *Montañez v. Hosp. Metropolitano*, 157 DPR 105 (2002). Las admisiones se tomarán en consideración únicamente para propósitos de resolver la moción de desestimación. *Id.* pág. 103.

Para que una demanda no sea desestimada, es necesario que las alegaciones incluyan información suficiente sobre hechos

que resulten plausibles. *Ashcroft v. Iqbal,* 556 US 662, 678 (2009). Un reclamo es plausible cuando, el demandante alega hechos fácticos que permiten al tribunal razonablemente inferir que el demandado es responsable de los daños alegados. *Id.* Solicitar motivos plausibles no impone un requisito de probabilidad en etapas tempranas del caso, solo requiere la inclusión de hechos suficientes que generen una expectativa razonable de que el descubrimiento de prueba revelará evidencia relacionada con la causa de acción. *Bell Atlantic Corp v. Twombly,* 550 US 544, 545 (2007).

La desestimación por prescripción es una forma de desestimación contemplada en la regla 10.2 de Procedimiento Civil, *supra,* sobre falta de jurisdicción de la materia. La prescripción extintiva es una institución de derecho sustantivo que representa una de las maneras en que las obligaciones pueden extinguirse. *S.L.G. Serrano- Baez v. Foot Locker,* 182 DPR 824, 831 (2011). El Código Civil aplicable a este caso establece que "se extinguen del propio modo por la prescripción, los derechos y las acciones, de cualquier clase que sean". 31 LPRA § 5241.[1] El objetivo de esta figura es promover el pronto reclamo de los derechos, a la vez que se protege al obligado de la eterna pendencia de un reclamo en su contra. *Rivera Prudencio v. Mun. San Juan,* 170 DPR, 149, 166 (2007).

En otras palabras, la dejadez y la inercia en el ejercicio de los derechos da paso a la aplicación de la prescripción. *Santos de Garcia v. Banco Popular,* 172 DPR 759, 766 (2007). Así pues, la prescripción estimula el ejercicio rápido de las acciones. *Id.* También evita que una de las partes quede en estado de indefensión. *S.L.G. Serrano- Baez v. Foot Locker, supra,* a la pag. 831. Finalmente, una vez transcurre el periodo de tiempo

---

[1] Se cita el Código Civil de Puerto Rico de 1930 por ser el aplicable a los hechos del caso.

establecido por ley sin que el titular del derecho reclame, se origina una presunción legal de abandono. *Fraguada Bonilla v. Hosp. Aux. Mutuo*, 186 DPR 365, 374 (2012).

Por otra parte, cabe destacar que nuestra Regla 10.2 de Procedimiento Civil, *supra,* no prohíbe que se incluyan documentos en la moción de desestimación. Como regla general, las mociones de desestimación, bajo el inciso (5) de la precitada Regla, que contengan documentos anejados deberán considerarse mociones de sentencia sumaria. *Sanchez v. Aut. De Los Puertos,* 153 DPR 559, 570 (2001). Sin embargo, esta Regla no establece que las mociones de desestimación bajo los demás incisos deban igualmente considerarse sentencias sumarias, cuando se le adjunten documentos.

Asimismo, la Regla 12 (d) de Procedimiento Civil Federal, Fed. R. Civ. P. 12 (d), equivalente a nuestra Regla 10.2 de Procedimiento Civil, *supra,* permite considerar documentos anejados a una moción de desestimación sin que se tenga que considerar como una sentencia sumaria cuando se trata de: (1) documentos cuya autenticidad no está en controversia, (2) documentos medulares a la causa de acción o referidos en la demanda o (3) récords públicos. *Rivera v. Centro Médico del Turabo,* 575 F.3d 10, 15 (1er Cir. 2009); Trans-*Speck v. Caterpillar,* 524 F.3d 15, 321 (1er Cir. 2008); *Clorox Co. Puerto Rico v. Proctor,* 228 F.3d. 24, 32 (1er Cir.2000).

**B.**

La corporación es una entidad empresarial con una personalidad jurídica reconocida por el estado, independiente de sus miembros, quienes son responsables de los resultados de la actividad de la organización hasta el monto que hayan invertido. C.E. Díaz Olivo, <u>Corporaciones-Tratado Sobre Derecho Corporativo</u>, 2018, pág. 15. De igual manera, las personas

jurídicas tienen la capacidad de adquirir y poseer diversos tipos de bienes, asumir obligaciones y llevar a cabo acciones legales tanto civiles como criminales. 31 LPRA § 104. La manera en que las corporaciones operan se establece en los estatutos corporativos, los cuales se consideran el reglamento interno de las corporaciones. Díaz Olivo, op. cit., pág. 106. Las acciones representan un interés propietario sobre una corporación y suelen evidenciarse con el certificado de acción. *Id.,* a la pág. 15.

Las corporaciones se caracterizan por el elemento de libre transferibilidad de intereses. *Id.* Esto significa que, el accionista tiene la facultad de vender o transferir sus acciones sin la aprobación de la corporación ni de sus compañeros accionistas. Ley General de Corporaciones para el Estado Libre Asociado de Puerto Rico, Ley Núm, 3 de 9 de enero de 1956.[2] Sin embargo, este derecho puede restringirse en el certificado de incorporación de la empresa, en los estatutos corporativos, por un acuerdo entre los tenedores de los valores o entre los accionistas y la corporación. Díaz Olivo, op. cit., pág. 339. Respecto al derecho de redención o de rescate, éste se ha definido como una prerrogativa que se reserva la corporación o que se le otorga al accionista, para que la corporación adquiera las acciones que este posee mediante el pago de una cantidad acordada previamente. *Id.* a la pág. 316.

Cónsono con lo anterior, La Ley General de Corporaciones para el Estado Libre Asociado de Puerto Rico, *supra,* disponía lo siguiente:

> ***Toda corporación podrá emitir una o más clases de acciones del capital corporativo*** *o una o más series de acciones en cualquiera de las clases. Todas las clases o cualquiera de ellas podrán ser de acciones con o sin valor a la par, y con el derecho al voto, pleno o restringido, y en las series y denominaciones y con las preferencias y derechos relativos, de participación, de opción u otros derechos especiales,* ***condicionales, limitados o restringidos, que se declare y expresen***

---

[2] Se cita esta ley por ser la aplicable a los hechos del presente caso.

*en el certificado de incorporación, o en cualquiera de sus enmiendas,* o en la resolución o resoluciones que dispongan la emisión de tales acciones y que apruebe la junta de directores al amparo de las facultades que se confieren por las disposiciones del certificado de incorporación o cualquiera de sus enmiendas. (Énfasis Suplido).

## III.

En el caso ante nuestra consideración, la parte apelante nos solicita que revoquemos la "Sentencia" emitida por el Tribunal de Primera Instancia en la que declara Ha Lugar la Moción de Desestimación.

Los errores A, B y D están estrechamente relacionados, por lo tanto, se abordarán de manera conjunta en la discusión. La Sucesión Espinosa Robledo plantea que, el Foro Primario erró al: (1) desestimar la acción bajo la figura de la prescripción, cuando los hechos en que descansa esa defensa afirmativa no surgen con claridad de las alegaciones de la demanda, (2) dejar de considerar los hechos bien alegados en la demanda, (3) considerar como ciertas las alegaciones hechas por Triple S, que surgen de documentos extrínsecos y (4) al dejar de aplicar la doctrina de Imprescriptibilidad de las acciones que surgen de un acto nulo *ab initio.* No le asiste la razón.

Para evitar que se desestime una demanda, es crucial que las alegaciones contengan información suficiente sobre hechos que resulten plausibles. *Ashcroft v. Igbal, supra,* a la pag. 678. Es decir, el demandante debe colocar al Tribunal en posición para evaluar la causa de acción e inferir que el demandado es responsable de los daños alegados. *Id.* Surge del expediente que, la Demanda no incluye datos importantes como las fechas de las muertes del Dr. Espinosa Robledo y de su hijo, el Dr. Espinosa López. Tampoco menciona las cláusulas de redención contenidas en los certificados de acciones. Esto es, no suministran la fecha en que se abrió la Sucesión Espinosa Robledo, dato esencial para

determinar cuándo comenzó a transcurrir el término prescriptivo. Así pues, aun tomando como ciertos todos los hechos bien alegados en la Demanda, no nos encontramos en posición para conceder un remedio, pues las alegaciones no incluyen hechos suficientes que generen una expectativa razonable de que el descubrimiento de prueba revelará evidencia que demuestre la existencia de una causa de acción vigente. *Bell Atlantic Corp v. Twombly, supra,* a la pág. 545. Al contrario, estas alegaciones generan dudas. En resumidas cuentas, la información que omitieron nos conduce a la conclusión de que la causa de acción esta prescrita.

Por otra parte, la Moción de Desestimación radicada por TSS y TSM cumple con los requisitos dispuestos por ley. El hecho de que se hayan incluido los certificados de acciones, correos electrónica y declaraciones juradas no significa que automáticamente deba considerarse como una moción de sentencia sumaria. Esto es así, ya que nuestro ordenamiento no prohíbe que se incluyan documentos a la moción de desestimación. A su vez, la Regla 10.2 de Procedimiento Civil de Puerto Rico, *supra,* establece que las mociones de desestimación bajo el inciso (5) que estén acompañadas con documentación adicional se consideraran como sentencias sumarias, mas no dispone lo mismo para los demás incisos. Además, según las Reglas de Procedimiento Civil Federal, *supra,* la inclusión de documentos a las mociones de desestimación está permitido, cuando se trata de documentos medulares a la causa de acción o referidos a la demanda. No cabe duda de que la fecha de la muerte del causante y los certificados de acción, son fundamentales a nuestra causa de acción, ya que nos indican que la acción legal ha prescrito y que existía una restricción al derecho de libre

transferibilidad. No obstante, aun sin la inclusión de los documentos, estaríamos en condición de desestimar la Demanda.

Aclarados estos asuntos, procedemos a atender el próximo señalamiento de error. La parte apelante alega que, la redención de acciones no se ajustó a derecho. Esto no es así, veamos por qué.

Surge del expediente del caso que las acciones contenían una restricción a la libre transferencia de las acciones a hijos que no fueran médicos. A pesar de que uno de los hijos del causante era médico, de la Demanda no se desprende la fecha de su defunción. Así pues, le omite al Tribunal datos pertinentes a la causa de acción. Además, los certificados de las acciones contenían la siguiente cláusula de redención:

> *Cualquier accionista que deseare vender, donar o **en cualquier forma enajenar o desprenderse de sus acciones vendrá obligado en caso de venta, a ofrecerlas por escrito primero a la corporación para que esta las adquiera**, si así lo desea, al mismo precio que cualquier comprador de buena fe, estuviere dispuesto y hábil a pagar por dichas acciones. En caso de una donación, el accionista tendrá derecho a percibir de la corporación, si esta deseare obtenerlas, un precio que será igual al valor en los libros de las acciones en ese momento. La forma en que han de ejercitarse los derechos antes dispuestos será promulgada por resolución la Junta de Directores de la Corporación al efecto.* (Énfasis Nuestro).

Por consiguiente, TSS poseía el derecho de redención o rescate, el cual fue ejercido de manera legal y conforme a lo establecido. En esencia, la parte apelada hizo uso de su prerrogativa legal para recuperar de manera legítima las acciones.

**IV.**

Por los fundamentos antes esbozados, los cuales hacemos formar parte de esta Sentencia, confirmamos la "Sentencia" emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan a los fines de declarar Ha Lugar la Moción de Desestimación.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones