# United States Court of Appeals
## For the First Circuit

No. 12-1453

NANCY CASIANO-MONTAÑEZ; MIGUEL A. REYES-VARGAS;
JAVIER TORRES-GONZÁLEZ; RAQUEL VILLEGAS-ROSA;
WILMA J. ROSA-MÉNDEZ; LETICIA SANTIAGO-REYES;
GLORIA D. SOTO-MALDONADO; NEXAIDA CUSTODIO;
JUANA TORRES-ESCRIBANO; ROSAURA REYES-RAMOS;
MIGDALIA ESPINO-PITRE; FELICITA OTERO-BARBOSA,

Plaintiffs, Appellants,

v.

STATE INSURANCE FUND CORPORATION ("SIFC"); ZOIME ÁLVAREZ-RUBIO;
SAÚL RIVERA-RIVERA; CONJUGAL PARTNERSHIP RIVERA-DOE;
JORGE GARCÍA-ORTIZ; CONJUGAL PARTNERSHIP GARCÍA-DOE; ERNESTO
SANTIAGO-SAYAS; CONJUGAL PARTNERSHIP SANTIAGO-DOE,

Defendants, Appellees.

JOSÉ IGNACIO COBIÁN;
CONJUGAL PARTNERSHIP COBIÁN-ÁLVAREZ,

Defendants.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Daniel R. Domínguez, U.S. District Judge]

Before

Lynch, Chief Judge,
Selya and Howard, Circuit Judges.

Celina Romany, with whom Celina Romany Law Offices was on brief, for appellants.
Susana I. Peñagarícano-Brown, Assistant Solicitor General, with whom Luis R. Román-Negrón, Solicitor General of Puerto Rico,

was on brief, for personal capacity appellees.

Pedro A. Delgado Hernández, Yadhira M. Rodríguez Quiñones and O'Neill & Borges LLC on brief for appellee SIFC and for official capacity appellees.

_____

February 7, 2013

_____

**HOWARD**, <u>Circuit Judge</u>. Plaintiffs-appellants are twelve dismissed or demoted employees of the State Insurance Fund Corporation ("Corporation"), a public corporation in Puerto Rico that administers the Commonwealth's workers' compensation program. They sued the Corporation and several of its officers in the United States District Court for the District of Puerto Rico, alleging political discrimination and due process violations stemming from adverse employment actions. The district court dismissed the claims based on <u>Younger</u> abstention. We reverse the order of dismissal and remand to the district court with instructions to stay further proceedings pending the resolution of a related case awaiting decision before the Puerto Rico Supreme Court.

## I.

Shortly after the 2008 Puerto Rico elections, Zoimé Álvarez-Rubio, the newly-appointed administrator of the Corporation, initiated an audit of personnel appointments made at the Corporation between 2001 and 2008. The audit revealed that 232 positions had been filled through internal hiring calls rather than through a competitive process open to the public. Álvarez concluded that the appointments were void because the procedure contravened personnel regulations promulgated to implement the "merit principle" of the Public Service Human Resources Administration Act of Puerto Pico, <u>see</u> P.R. Laws Ann. tit. 3, §§ 1462-1462h. In January 2010, Álvarez informed the plaintiffs and

-3-

other affected employees of her intent to nullify their appointments, resulting in dismissals or demotions from their career positions at the Corporation.

Before the adverse employment actions took effect, the plaintiffs requested informal administrative hearings before the Corporation. The Corporation affirmed Álvarez's decision, and the dismissals and demotions became final. The plaintiffs then filed administrative appeals before the Corporation's Board of Appeals ("Board"). The Board has yet to act on the appeals.

Meanwhile, the plaintiffs filed suit in federal court, alleging that they were dismissed or demoted because of their political affiliation, in violation of their rights under the First Amendment and the Equal Protection Clause, and without due process of law. Because the plaintiffs "voluntarily engage[d] the wheels of an administrative procedure before filing an action in federal court," the district court abstained under Younger v. Harris, 401 U.S. 37 (1971), and dismissed the plaintiffs' claims. Casiano-Montañez v. State Ins. Fund Corp., 852 F. Supp. 2d 177, 182 (D.P.R. 2012).

The Corporation's decision to nullify the appointments made pursuant to internal hiring calls has spawned numerous other lawsuits in both Puerto Rico and federal courts. One case has progressed far in the Commonwealth courts. After the Board affirmed the Corporation's decision to void the appointments of

-4-

twenty employees, that group sought judicial review before the Puerto Rico Court of Appeals.  See González Segarra v. State Ins. Fund Corp., No. KLRA201100611, slip op. (P.R. Cir. Sept. 30, 2011) (certified translation).  Like the plaintiffs in the instant case, the González Segarra plaintiffs argued that internal hiring calls were legal, that their due process rights were violated, and that political discrimination motivated their dismissals or demotions. The Court of Appeals held that the appointments were valid but affirmed the Board's conclusions that the petitioners failed to establish either a due process violation or a prima facie case of political discrimination.  Id.  The Puerto Rico Supreme Court subsequently granted the Corporation's petition for writ of certiorari.  The case (No. CC-2011-01051) has been briefed and is awaiting decision.

## II.

The plaintiffs contend that the district court erred in dismissing their federal claims based on Younger abstention.  We review de novo the district court's decision to abstain under Younger.  Rio Grande Cmty. Health Ctr., Inc. v. Rullan, 397 F.3d 56, 68 (1st Cir. 2005).

Younger abstention is appropriate only "when the requested relief would interfere (1) with an ongoing state judicial proceeding; (2) that implicates an important state interest; and (3) that provides an adequate opportunity for the federal plaintiff

-5-

to advance his federal constitutional challenge." <u>Rossi</u> v. <u>Gemma</u>, 489 F.3d 26, 34-35 (1st Cir. 2007). To satisfy the first prong in the context of a state administrative proceeding, the proceeding "must be coercive, and in most-cases, state-initiated, in order to warrant abstention." <u>Guillemard-Ginorio</u> v. <u>Contreras-Gómez</u>, 585 F.3d 508, 522 (1st Cir. 2009); <u>see</u> <u>Kercado-Melendez</u> v. <u>Aponte-Roque</u>, 829 F.2d 255, 259-61 (1st Cir. 1987). The plaintiffs voluntarily initiated the administrative proceedings before the Board to challenge the legality of a personnel decision. Plainly, those proceedings are remedial in nature and "not of the type to which deference under <u>Younger</u> applies." <u>Guillemard-Ginorio</u>, 585 F.3d at 522; <u>see</u> <u>Mass. Delivery Ass'n</u> v. <u>Coakley</u>, 671 F.3d 33, 41 (1st Cir. 2012) (delineating the types of proceedings that warrant <u>Younger</u> abstention). Accordingly, the district court erred in abstaining based on <u>Younger</u>, and dismissal was not the remedy in any event. <u>See</u> <u>Rossi</u>, 489 F.3d at 38 ("When a court orders abstention on a damages claim, it ordinarily may only stay the action, rather than dismiss the action in its entirety.").

That, alas, is the easy part of the case. At oral argument, the defendants asked us to stay further proceedings in the district court pending the Puerto Rico Supreme Court's decision in the <u>González Segarra</u> case. The exceptional circumstances of this case convince us to grant that request.

To begin, it is well settled that the pendency of an action in state court is not a per se bar to related federal court proceedings. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 292 (2005). Indeed, federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976). This duty, however, is not absolute, and it yields in certain "exceptional circumstances, where denying a federal forum would clearly serve an important countervailing interest." Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716 (1996) (citation omitted) (internal quotation marks omitted).

The Supreme Court has delineated several abstention doctrines, see id. at 716-17, which "reflect a complex of considerations designed to soften the tensions inherent in a system that contemplates parallel judicial processes." Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 11 n.9 (1987). Although "the categories do matter," Rio Grande Cmty. Health Ctr., Inc., 397 F.3d at 68, "[t]he various types of abstention are not rigid pigeonholes into which federal courts must try to fit cases." Pennzoil Co., 481 U.S. at 11 n.9. Here, both the Pullman abstention doctrine and the principles of federalism, comity, and sound judicial administration that ground the various abstention doctrines counsel a stay of the federal court proceedings pending the Puerto Rico Supreme Court's decision in the related Commonwealth court litigation.

Pullman abstention serves to "avoid federal-court error in deciding state-law questions antecedent to federal constitutional issues." Arizonans for Official English v. Arizona, 520 U.S. 43, 76 (1997); see R.R. Comm'n of Tex. v. Pullman Co., 312 U.S. 496, 501 (1941). Under Pullman, federal courts should abstain when "(1) substantial uncertainty exists over the meaning of the state law in question, and (2) settling the question of state law will or may well obviate the need to resolve a significant federal constitutional question." Batterman v. Leahy, 544 F.3d 370, 373 (1st Cir. 2008). "[T]he fact that a state proceeding is actually pending strengthens the case for [Pullman] abstention." Rivera-Feliciano v. Acevedo-Vilá, 438 F.3d 50, 61 (1st Cir. 2006); see Harris Cnty. Comm'rs Court v. Moore, 420 U.S. 77, 83 (1975) ("Where there is an action pending in state court that will likely resolve the state-law questions underlying the federal claim, [the Supreme court has] regularly ordered abstention.").

Applying these principles to the plaintiffs' Fourteenth Amendment due process claim, we conclude that a stay of the federal proceedings is appropriate. The Constitution affords procedural due process protections to government employees who possess a property interest in continued public employment. See Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 541 (1985). Property interests are creatures of state law, and under the laws of Puerto Rico, public employees who lawfully hold career positions have a

protected property interest in continued employment in those positions. Costa-Urena v. Segarra, 590 F.3d 18, 27 (1st Cir. 2009). Employees whose hiring contravened Commonwealth laws and regulations, however, are not vested with a property interest in their career positions. Id.; González-de-Blasini v. Family Dep't, 377 F.3d 81, 86 (1st Cir. 2004); Kauffman v. P.R. Tel. Co., 841 F.2d 1169, 1173-74 (1st Cir. 1988). "[T]heir career appointments are null and void ab initio" and no due process protections attach. Kauffman, 841 F.2d at 1173.

Hence, whether the plaintiffs have a property interest in their career positions at the Corporation hinges on the legality of their appointments, the very issue that the Commonwealth's highest court is poised to decide in González Segarra. As is evident from the divergent legal interpretations of the agency and the intermediate appellate court in that case, substantial uncertainty surrounds the issue. Determining whether internal hiring calls violated the merit principle incorporated into public personnel laws of Puerto Rico involves complex questions of statutory and regulatory interpretation. The questions concern the requirements of the merit principle, the power of the Corporation's administrator to limit competition for certain positions, the ability of a subsequent administrator to countermand the decisions of the predecessor, and the role of Commonwealth-wide fiscal measures aimed at reducing public payroll costs. See González

-9-

Segarra, No. KLRA201100611, slip op. at 29-53.  Resolution of these unsettled issues of Puerto Rico administrative and statutory law may obviate the need to decide whether the plaintiffs received constitutionally adequate process prior to losing their positions. At the very least, once the Puerto Rico Supreme Court "has spoken, adjudication of any remaining constitutional questions may indeed become greatly simplified."  Arizonans for Official English, 520 U.S. at 80.  The circumstances of this case suggest that it might well fit within the Pullman rubric.

Considerations of federalism, comity, and sound judicial administration also sway us to direct a stay of the federal court proceedings.  See Cruz v. Melecio, 204 F.3d 14, 22-25 (1st Cir. 2000) (considering the same in ordering a stay of federal proceedings pending the outcome of a related state court litigation).  The Commonwealth case is pending before the highest court of the jurisdiction.  "From the standpoint of federalism and comity, there is something particularly offensive about hijacking a case that is pending on the docket of a state's highest tribunal."  Id. at 24.  Yet another concern is that, absent a stay, the district court could be forced to decide the complex state law issue intertwined with the due process claim before the Puerto Rico Supreme Court issues its decision.  A contrary ruling from the Commonwealth court would render the federal court's opinion "merely advisory -- an outcome we seek to avoid in any case."  Currie v.

-10-

Grp. Ins. Comm'n, 290 F.3d 1, 11 (1st Cir. 2002); accord Rivera-Feliciano, 438 F.3d at 62; see Pennzoil Co., 481 U.S. at 11 n.9 ("In some cases, the probability that any federal adjudication would be effectively advisory is so great that this concern alone is sufficient to justify abstention[.]"). It is therefore preferable to allow the Commonwealth court to resolve the controlling issue of Puerto Rico law first.

We recognize, of course, that the plaintiffs' political discrimination claim is not synonymous with their due process claim and, thus, will not necessarily be resolved by answering the unsettled state law question. If that claim is not rendered moot by the Puerto Rico Supreme Court's decision, the parties will have their chance to argue it in federal court at a later date. We are not surrendering federal court jurisdiction over either federal claim, but simply staying the proceedings until the related Commonwealth proceedings have run their course.

**III.**

For the foregoing reasons, we reverse the order dismissing the plaintiffs' action and remand the case to the district court with instructions to stay proceedings pending the Puerto Rico Supreme Court's decision in the González Segarra case.

**So ordered**.