Opinión disidente emitida por el
Juez Presidente Señor Hernández Denton, a la cual se unen las Juezas Asociadas Señoras Fiol Matta y Rodríguez Rodríguez.
Una mayoría de este Tribunal concluye que en este caso se violó el principio de mérito y las disposiciones del Reglamento de Personal para los Empleados Gerenciales de la Corporación del Fondo del Seguro del Estado, Reglamento Núm. 6226, aprobado el 11 de enero de 2000 (Reglamento de Personal). Esto, por determinar que administradores anteriores abusaron de su discreción al permitir y validar la concesión de ascensos mediante convocatorias internas sin justificarlo. De esa forma, sostienen la revocación de los nombramientos de los aquí recurridos. Por entender que el Reglamento no tiene el alcance que la opinión mayoritaria le quiere otorgar, que las convocatorias internas de los re *300 curridos se hicieron conforme al Reglamento y que el principio de mérito no se violó en este caso, disentimos.
I
En apretada síntesis, los hechos que dan origen a la presente controversia son los siguientes. Luego de asumir su cargo, la Administradora de la Corporación del Fondo del Seguro del Estado (CFSE), Leda. Zoimé Álvarez Rubio, ordenó una auditoría sobre los expedientes de personal y las transacciones relativas a la administración de los recursos humanos de la CFSE correspondientes al periodo de enero 2001 a diciembre 2008. El propósito de la auditoría era determinar el cumplimiento de la CFSE con el principio de mérito al realizar nombramientos y ascensos. En total, se auditaron 3,835 expedientes.
Según la auditoría, el proceso de reclutamiento de personal gerencial se debía realizar mediante convocatorias abiertas. Sin embargo, el auditor concluyó que desde el 2003 se había cambiado el proceso a uno de convocatorias internas. En específico, encontró 232 expedientes que reflejaban esa práctica y que, según él, no contenían un análisis técnico que justificara realizar ese tipo de convocatoria excepcional.
Tras esta auditoría, la licenciada Álvarez Rubio envió cartas a los 232 empleados afectados para notificarles la intención de anular sus nombramientos. Estos ejercieron su derecho a solicitar una vista administrativa. Luego de su celebración, el Oficial Administrador recomendó ratificar la nulidad de todos los nombramientos. La licenciada Álvarez Rubio acogió la recomendación y notificó a los empleados la anulación.
Veintitrés empleados, la Asociación de Empleados Gerenciales y la Federación de Empleados Gerenciales apelaron la determinación ante la Junta de Apelaciones de la CFSE. Esta emitió una determinación por mayoría, 2 a 1, *301 en la que confirmó la anulación de los nombramientos. Sin embargo, existían discrepancias entre los dos votos mayoritarios. Por eso, hicieron constar sus criterios separadamente.
Inconformes, veinte empleados acudieron al Tribunal de Apelaciones.(1) Ese foro determinó que procedía la revocación de la resolución porque:
[...] 1) el cumplimiento con el principio de mérito no exige un proceso rígido de reclutamiento, selección o ascenso que pueda lograrse únicamente mediante la competencia abierta; 2) la decisión tomada por el administrador que realizó los nombramientos está cobijada por una presunción de corrección que no fue rebatida en este caso; y 3) tanto la administradora como la Junta de Apelaciones determinaron la nulidad de los nombramientos por razón del incumplimiento de unos requisitos legales que no están presentes en las leyes de personal público ni en el Reglamento de Personal del Fondo. Sentencia del Tribunal de Apelaciones, pág. 64, Apéndice, pág. 71.
En desacuerdo con esa determinación, la CFSE acudió ante nos.
II
La opinión mayoritaria revoca la determinación del foro apelativo. Desde el inicio, se refiere a las convocatorias internas como una excepción que se ha convertido en regla. Sin embargo, entendemos que los hechos de este caso no nos permiten llegar a esa conclusión. Esto, porque luego de la auditoría solo se cuestionó la validez de 232 nombramientos de los 3,835 expedientes analizados. Es decir, un seis por ciento del total de expedientes. Esto a su vez re *302 presenta un promedio de 29 de 479 transacciones anuales. Definitivamente, no estamos hablando de una práctica rutinaria.
Además, una mayoría de este Tribunal indica que las convocatorias internas constituyen una excepción estricta. Así, concluyen que en este caso se violó el principio de mérito y el Reglamento de Personal, puesto que no se justificó que las posiciones en cuestión requirieran limitar la competencia a los empleados de la CFSE. Aunque reconocen que la autoridad nominadora tiene discreción para limitar la competencia en determinadas instancias, exigen: (1) que la decisión esté basada en un estudio previo que especifique cuál es la naturaleza del puesto y la experiencia para ocuparlo, y (2) que la justificación de la decisión conste en el expediente.
En específico, la opinión mayoritaria indica que del ex-pediente del caso ante nos no surge ningún análisis sobre la necesidad de que los puestos se convocaran internamente. Además, señala que “no existe en el expediente otra fuente que evidencie que las clases identificadas requieran amplio conocimiento de la CFSE, sus operaciones, normas, requisitos y procedimientos”. (Enfasis en el original). Opinión mayoritaria, pág. 294.
Tampoco estamos de acuerdo con la imposición de esos requisitos porque no surgen de la disposición reglamentaria. Veamos.
La Sec. 14.1 del Reglamento de Personal, pág. 71, establece que:
Como norma general, para fortalecer el principio de mérito con el reclutamiento de los más aptos, los puestos se cubrirán mediante la competencia abierta. Podrán participar tanto los empleados de la Corporación como los aspirantes fuera de la misma, según estén cualificados. El Administrador identificará aquellas clases de puestos que por su naturaleza se requiera determinado tipo de experiencia y en esos casos la competencia podrá circunscribirse a los empleados y ex empleados que posean tal experiencia en la Corporación. (Enfasis nuestro).
*303 De un análisis de la disposición surge que, en efecto, el Administrador de la CFSE tiene discreción para limitar la convocatoria. Ahora bien, en ningún momento dispone que es una excepción estricta, no requiere ningún procedimiento ni análisis particular para tomar la decisión de limitar la competencia, ni que se haga constar en el expediente. Además, no requiere un conocimiento amplio de la Corporación, sus operaciones, normas, requisitos y procedimientos. Asimismo, esta disposición permite las convocatorias internas, respetando el principio de mérito.
A la misma conclusión llegamos contrastando este lenguaje con el utilizado en otras disposiciones del mismo reglamento. Por ejemplo, la See. 14.2(4), supra, pág. 72, sobre ascenso sin oposición establece que:
El Administrador de la Corporación, como mecanismo de ex-cepción, podrá autorizar ascensos mediante exámenes individuales cuando las exigencias excepcionales y especiales del servicio y las cualificaciones especiales de los empleados así lo justifiquen. El Administrador, mediante el establecimiento de normas al efecto, regulará los ascensos sin oposición asegurándose que no se vulnere el principio de mérito existente en la Corporación. (Énfasis nuestro).
Por su parte, el Art. 20, supra, pág. 105, sobre la prohibición de transacciones de personal dispone que:
Para toda excepción que se efectúe, el área de trabajo correspondiente someterá a la Administración Auxiliar de Recursos Humanos un informe indicando la justificación de los efectos adversos que deben evitarse mediante la excepción. Esta justificación se someterá a la aprobación del Administrador. De toda excepción deberá mantenerse un expediente en la Administración Auxiliar de Recursos Humanos. (Énfasis nuestro).
Como vemos, estas disposiciones son específicas en cuanto a la justificación necesaria para aplicar las excepciones que reglamentan y el modo de hacerla constar. No así la citada Sec. 14.1 interpretada en este caso.
Por último, no podemos coincidir con las expresiones de *304 la mayoría en cuanto a que las convocatorias internas en cuestión violaron la Sec. 13.2 del Reglamento de Personal, supra, págs. 49-50, porque no se divulgaron por radio, prensa, televisión u otros medios de despliegue fuera de la CFSE. Esto porque la referida sección lo que dispone es que se divulguen “las oportunidades de empleo por los medios de comunicación más apropiados en cada caso”. Id. Precisamente, entre los medios adecuados que enumera la disposición se encuentra el utilizado en este caso: los tablones de edictos de la CFSE.
hH hH I—I
Por todo lo anterior, disentimos del curso de acción seguido por la mayoría de este Tribunal y, en consecuencia, hubiéramos confirmado la Sentencia del Tribunal de Apelaciones.

 Cabe destacar que otro grupo de empleados presentó una demanda sobre discrimen político y violación al debido proceso de ley, por los mismos hechos, en el Tribunal de Distrito Federal para el Distrito de Puerto Rico. Aunque inicialmente fue desestimada, el 7 de febrero de 2013 el Primer Circuito de Apelaciones de Boston revocó esa determinación y devolvió el caso al Distrito con instrucciones de mantener los procedimientos paralizados hasta que se resuelva el caso de autos. Véanse: Casiano-Montañez v. State Ins. Fund Corp., 707 F.3d 124 (2013); Casiano-Montañez v. State Ins. Fund Corp., 852 F.Supp.2d 177 (2012).